774 So.2d 30 (2000)
Morris L. GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1480.
District Court of Appeal of Florida, Second District.
September 27, 2000.
*31 PER CURIAM.
Morris L. Gray appeals the denial of his petition for writ of habeas corpus which the trial court correctly treated as a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand in light of the supreme court's recent decision in Peart v. State, 756 So.2d 42 (Fla.2000), decided after entry of the order on appeal.
Gray entered a guilty plea to various charges in two separate cases in 1990. He received thirty-month prison sentences in both cases, the terms to run concurrently. In his petition, Gray alleges his plea was involuntary because the trial court failed to inform him of the potential deportation consequences of his plea, as required by Florida Rule of Criminal Procedure 3.172. The transcript of the sentencing hearing confirms Gray did not receive the notice required by rule 3.172.
The trial court denied the motion, finding it was not timely filed nor subject to the newly discovered evidence exception found in rule 3.850. However, in Peart, the supreme court made it clear that the two-year limitation period applicable to a defendant's claim that the trial court failed to inform the defendant of possible deportation following entry of a guilty plea begins to run when the defendant has or should have knowledge of the threat of deportation. Peart, 756 So.2d at 46. Furthermore, the court's opinion provided that defendants who gained knowledge of the threat of deportation prior to the filing date of its decision shall have two years from its filing date to file a rule 3.850 motion. Id. Accordingly, Gray's motion is timely.
Because Gray's claim is facially sufficient in all other respects,[1] we remand this matter to the trial court to reconsider Gray's motion in light of Peart. On remand, the trial court may again deny Gray's motion if his allegation is conclusively refuted by record attachment. If not, the trial court must conduct an evidentiary hearing on his claim.
Reversed and remanded.
BLUE, A.C.J., and WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] We note that in Peart v. State, 756 So.2d 42 (Fla.2000), the supreme court stated that in order for a defendant to obtain postconviction relief based on a Florida Rule of Criminal Procedure 3.172(c)(8) violation, the defendant had to prove that the trial court did not provide advice regarding the possible immigration consequences of the plea and resultant prejudice. Id. at 47. To demonstrate prejudice, a defendant has to establish that he did not know that the plea might result in deportation, that he was "threatened" with deportation because of the plea, and that had he known of the possible consequence, he would not have entered the plea. Id. Gray's motion contains all of these allegations.