786 So.2d 599 (2001)
Manuel KINDELAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1927.
District Court of Appeal of Florida, Third District.
March 14, 2001.
Albert W. Guffanti, Miami, and James H. Woodard, Coconut Grove, for appellant.
Robert A. Butterworth, Attorney General and Fredericka Sands, Assistant Attorney General, for appellee.
Before LEVY, GODERICH, and RAMIREZ, JJ.
Prior report: Fla.App., ___ So.2d ___, 2001 WL 37721.
PER CURIAM.
Manuel Kindelan appeals an order which denies his petition for writ of error coram nobis to vacate a plea of no contest entered on August 14, 1987, to the charges of possession of a controlled substance, disorderly conduct and resisting an officer without violence. The trial court denied Kindelan's petition holding that only the institution of imminent deportation proceedings by the Immigration and Naturalization Service against a defendant, as a result of entering a plea, qualified as the type of "prejudice" requiring vacation of a plea. We affirm.
In his petition, Kindelan alleged that he is a citizen of Cuba and should be allowed to withdraw his plea because the trial court never advised him of the immigration consequences of his plea pursuant to Florida Rule of Criminal Procedure 3.172(c)(8)[1] and Peart v. State, 756 So.2d 42 (Fla.2000). The petition was filed after INS denied Kindelan's request for permanent residency status because of his convictions.
In this appeal, the State previously argued that the issue was not properly before us because the record was incomplete due to the absence of a transcript of the *600 relevant plea colloquy. We remanded pursuant to rule 9.200(b)(4), Florida Rules of Appellate Procedure, in an unsuccessful attempt to reconstruct the record.[2]
We now hold that the trial court correctly denied Kindelan's petition because he has not alleged facts sufficient to establish a prima facie case for relief. See Peart, 756 So.2d at 46 ("in order for a defendant to establish a prima facie case for relief, the defendant must be threatened with deportation resulting from the plea."). Kindelan has only alleged that when he applied to adjust his immigration status, INS advised him that he was excludable from the United States due to his conviction. However, advising a defendant that a conviction constitutes grounds for exclusion from the United States is not the same as being threatened with deportation as a result of a plea.
Affirmed.
NOTES
[1] Although the effective date of the rule is January 1, 1989, we do not address this issue, as the trial court properly denied the writ.
[2] We agree with the State that appellant's efforts to comply with the rule were totally inadequate but we decide to proceed to the merits.