786 So.2d 643 (2001)
Francisco SALDANA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-283.
District Court of Appeal of Florida, Third District.
June 6, 2001.
Rehearing Denied June 27, 2001.
*644 Francisco Saldana, in proper person.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, and RAMIREZ, JJ.
PER CURIAM.
Francisco Saldana appeals the denial of his motion for post-conviction relief in which the trial court held that he had failed to establish that his state conviction was the cause for an Immigration and Naturalization Service (INS) notification of deportation. Because the trial court correctly denied Saldana's motion, we affirm.
Saldana entered a plea of no contest in state circuit court on April 18, 1990. On July 22, 1996, he was convicted in the United States District Court, Southern District of Florida, of drug and firearm charges for which he was sentenced to life imprisonment. The Federal Bureau of Prisons notified the INS that Saldana was an alien in federal custody. INS then issued a detainer against him on September 26, 1996, indicating that an investigation had been initiated to determine whether he was subject to deportation from the United States.
Saldana argues that he was not advised of the potential immigration consequences of his no contest plea, that the trial court failed to advise him that he was a potential deportee as required by rule 3.172(c)(8), Florida Rules of Criminal Procedure, and that he will remain in custody after the completion of his federal sentence as a direct result of the entry of his plea.
First, Saldana cannot show that it was the state conviction that prompted the INS investigation because he was subsequently convicted in federal court of one count of conspiracy to possess cocaine with intent to distribute; three counts of use and carrying a firearm during a drug trafficking *645 crime; five counts of possession of cocaine with intent to distribute; and two counts of possession of a firearm by a convicted felon. He was sentenced to serve a life term of imprisonment. Although our record does not reflect what he was convicted of in state court, the plea to "credit time served" obviously involved less serious charges. The detainer itself only advises him that an investigation has ensued and makes no mention of his state conviction.
Second, in order for a defendant to establish a prima facie case for relief, he or she must be threatened with deportation resulting from a plea. See Peart v. State, 756 So.2d 42, 46 (Fla.2000). Advising a defendant that he or she is under investigation is not the same thing as being threatened with deportation. See Kindelan v. State, 786 So.2d 599 (Fla. 3d DCA 2001). Saldana only alleges that he will remain in custody after the completion of his federal life sentence as a direct result of his plea. Thus, Saldana has not alleged facts sufficient to establish a prima facie case for relief.
Affirmed.