795 So.2d 180 (2001)
Alberto Leandro CURIEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2042.
District Court of Appeal of Florida, Third District.
September 19, 2001.
Rehearing Denied October 12, 2001.
*181 Alberto Leandeo Curiel, in proper person.
Robert A. Butterworth, Attorney General and Darien M. Doe, Assistant Attorney General, for appellee.
Before LEVY and SHEVIN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Defendant appeals from the denial of his motion for postconviction relief. He argues that he was not informed of the deportation consequences of this plea. See Fla. R.Crim. P. 3.172(c)(8). The State's answer to this claim is that a defendant claiming such a violation must make a showing that he has been "threatened with deportation resulting from the plea." See Peart v. State, 756 So.2d 42, 46 (Fla.2000). Here, defendant received notice that a detainer will be placed on him; the notice does not state why he is subject to being detained. Accordingly, defendant has failed to make the showing necessary for the relief sought. See Vaval v. State, 792 So.2d 649 (Fla. 3d DCA 2001); Rodriguez v. State, 789 So.2d 548 (Fla. 3d DCA 2001); Saldana v. State, 786 So.2d 643 (Fla. 3d DCA 2001) (concluding that advising a defendant that he or she is under investigation is not the same thing as being threatened with deportation); Kindelan v. State, 786 So.2d 599 (Fla. 3d DCA 2001).
This affirmance is without prejudice to defendant refiling his 3.850 motion should the investigation lead to the threat of deportation.