STONE, J.
Vacarean appeals an order denying his motion for post-conviction relief on the ground that, when he entered his plea to a violation of probation, the trial court did not advise him that if he was not a citizen of the United States, he could be subject to deportation as a consequence of entering the plea.[1] We affirm.
To obtain post-conviction relief based on a failure to advise the defendant of the possible immigration consequences of a guilty plea, the petitioner must demonstrate prejudice.
Here, Vacarean has produced no evidence that he faces deportation. Further, even if he did face deportation, he must show that such a consequence resulted from this conviction. See State v. Oakley, 715 So,2d 956, 957 (Fla. 4th DCA 1998); Saldana v. State, 786 So.2d 643, 644 (Fla. 3d DCA 2001)(holding that, to establish a prima facie case for relief, the defendant must show he is being threatened with deportation resulting from his plea; advising a defendant he is under investigation is not the same thing as being threatened with deportation); Curiel v. State, 795 So.2d 180, 181 (Fla. 3d DCA 2001)(con-cluding that petitioner’s claim that he received notice a detainer would be placed on him was insufficient to constitute prima facie showing he had been “threatened with deportation resulting from the plea” where notice did not state the reason petitioner was subject to detainer); Kindelan v. State, 786 So.2d 599, 599 (Fla. 3d DCA 2001)(holding that petitioner was not entitled to post-conviction relief simply because INS had advised him he was ex-cludable from the U.S. as a result of his conviction).
Because Vacarean has failed to demonstrate prejudice from the trial court’s failure to advise him of possible immigration consequences of a guilty plea, we affirm the denial of Vacarean’s motion for post-conviction relief. Accordingly, we need not address the issue of whether such advice is even required for admitted violations of probation. See Edwards v. State, 721 So.2d 744 (Fla. 4th DCA 1998); Allen v. State, 662 So.2d 380 (Fla. 4th DCA 1995); Washington v. State, 284 So.2d 236 (Fla. 2d DCA 1973).
POLEN, C.J. and STEVENSON, J„ concur.

. We note that Vacarean does not argue that the trial court failed to advise him of the possible immigration consequences when he entered his original plea.