PER CURIAM.
The State of Florida appeals the lower court’s ruling granting the defendant, Martin Carmona’s, Motion to Vacate and Set Aside Conviction.
Defendant was charged with two counts of aggravated battery on November 1, 1993. On April 4, 1994, he entered a plea of no contest to the charges. The trial court entered a finding of guilt, withheld adjudication of guilt, and placed defendant on probation for eighteen months with special conditions.
Defendant filed the motion which is the subject of this appeal on October 5, 2001. In it he claimed that the trial court had failed to advise him during the course of his plea colloquy that his plea could result in his ultimate deportation from this country.[1] At the time of his plea, he was not a naturalized citizen of the United States, although he subsequently became one on August 4,1996.
On July 11, 2001, the United States Department of Justice Office of Immigration Litigation, informed defendant that the Government was going to initiate proceedings to revoke his naturalization.[2] On the basis of this threat of denaturalization, and the suggestion that deportation would follow, the lower court conducted a hearing *343 and ultimately, granted defendant’s motion. We reverse.
The law is clear that to obtain the sought after relief in this case defendant must demonstrate prejudice. See Vacarean v. State, 810 So.2d 1055 (Fla. 4th DCA 2002). In this case, defendant has failed to prove that he is presently facing deportation. The very scant record before us establishes only that the federal government is seeking to denaturalize him. Although defendant argues in his brief that the reason for the denaturalization proceeding is based on his convictions in the present case, nothing in the record supports this contention.[3] Defendant’s suggestion that deportation will necessarily follow denaturalization assumes first, that the government will prevail in that proceeding; second, that it will subsequently seek to deport defendant and; third, that the reason for the deportation will be the convictions in this case. All of these conclusions are speculative at this time and, consequently, insufficient to afford defendant the relief he seeks.[4] See State v. Oakley, 715 So.2d 956, 957 (Fla. 4th DCA 1998); see also Saldana v. State, 786 So.2d 643, 644 (Fla. 3d DCA 2001)(to establish a prima facie case for relief, the defendant must show he is being threatened with deportation resulting from his plea; advising a defendant he is under investigation is not the same thing as being threatened with deportation); Curiel v. State, 795 So.2d 180, 181 (Fla. 3d DCA 2001)(petition-er’s claim that he received notice a detain-er would be placed on him was insufficient to constitute a prima facie showing he had been “threatened with deportation resulting from the plea” where notice did not state the reason petitioner was subject to detainer); Kindelan v. State, 786 So.2d 599(Fla. 3d DCA 2001)(petitioner was not entitled to post-conviction relief simply because INS had advised him he was excludable from the U.S. as a result of his conviction).
Accordingly, we reverse the decision of the lower court. This decision is without prejudice to defendant to pursue a remedy at the appropriate time.
Reversed.

. The transcript of defendant's plea colloquy is unavailable.

. Such proceedings have been instituted in United States of America v. Martin Carmona, Case No. 01-4286 CIV-SEITZ.

. The only two documents in the record that address the issue of the denaturalization proceeding, are defendant's affidavit and the federal government’s letter to defendant advising him that it was instituting the same and offering him an opportunity to settle the matter without litigation.

. We are compelled to observe that at the time the motion in question was filed, defendant was a naturalized citizen of the United States.