840 So.2d 261 (2002)
Jean Berton SAINT-FLEUR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-715.
District Court of Appeal of Florida, Third District.
December 4, 2002.
Paul J. Kneski, Miami, for appellant.
Richard E. Doran, Attorney General, Barbara A. Zappi, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
COPE, J.
Jean Berton Saint-Fleur appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court declined to grant relief under Peart v. State, 756 So.2d 42 (Fla.2000). We affirm and certify a question.
Defendant-appellant Saint-Fleur entered into a plea bargain in 1992 in Miami-Dade County Circuit Court case numbers 91-21423 and 91-25036. He received consecutive life sentences.[1]
The defendant states that during the plea colloquy, the trial court failed to warn him that deportation could result from his plea. The court reporter's notes of the plea colloquy have apparently been *262 destroyed, so no transcript of the plea is available. For present purposes we accept as true the defendant's assertion that he was not warned about the immigration consequences of his plea.
The defendant filed a motion for postconviction relief in 2001, asserting that the Immigration Court entered an order dated January 3, 2000, which orders the defendant to be deported to France or Haiti. The documentation indicates that this deportation order was based on the convictions entered in circuit court case numbers 91-21423 and 91-25036.
The trial court denied relief, stating:
The defendant has failed to establish a prima facie case under Peart v. State, 756 So.2d 42 (Fla.2000) that he has been prejudiced by any failure to advise him of his immigration consequences. The defendant is serving a life sentence and there is no evidence that he is eligible for parole.
By subsequent order the court clarified that the ruling was "without prejudice to the Defendant to again seek Postconviction Relief only in the event he is ever paroled." This appeal follows.
We agree with the trial court. The defendant entered his plea to crimes committed in 1991. The offenses are covered by the sentencing guidelines.
Under the guidelines, a life sentence is for a term of natural life without the possibility of parole. See § 921.001(10), Fla. Stat. (1991); Wemett v. State, 567 So.2d 882 (Fla.1990); Hurd v. State, 807 So.2d 753 (Fla. 3d DCA 2002). Since the defendant is serving a life sentence and there is no prospect for release, the deportation order is entirely immaterial.
Further, where a defendant enters a plea in exchange for a sentence of life imprisonment without the possibility of parole (or where such a sentence is one of the options allowed under the plea agreement), it is implausible to say that the possibility of deportation would have stopped the defendant from entering into the plea. If an agreed sentence is for life imprisonment, there is no realistic possibility of deportation. To hold a Rule 3.850 evidentiary hearing in this situation would be a useless act.
This court has previously considered Peart-based postconviction claims for defendants who had received life sentences, but those cases are distinguishable. In Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002), this court did not reach the claim of that defendant for relief from his life sentence, because the notice of deportation proceedings also listed another conviction (which did not involve a life sentence) which the defendant had not attacked. Thus, this court declined to entertain that defendant's claim. Id. at 925.
In Saldana v. State, 786 So.2d 643 (Fla. 3d DCA 2001), the defendant was serving a life sentence in federal custody. The defendant claimed that he would be eligible for release from the federal life sentence and, upon release, would be subject to deportation. This court declined to entertain a claim for relief from the defendant's earlier state convictions because deportation proceedings had not formally been initiated and because the federal immigration inquiry made no mention of the defendant's earlier state convictions. Id. at 644.
By contrast, the present case squarely presents the question whether a defendant is entitled to a hearing on a postconviction claim that he was not warned of immigration consequences of his plea, where he is serving a sentence of life without parole. We agree with the trial court that no hearing is called for.
*263 Because this issue needs to be authoritatively resolved, we certify that we have passed on the following question of great public importance:
WHERE AN INMATE IS SERVING A SENTENCE OF LIFE IMPRISONMENT WITHOUT PAROLE AND THE IMMIGRATION AND NATURALIZATION SERVICE INITIATES DEPORTATION PROCEEDINGS, IS THE INMATE ENTITLED TO A HEARING ON HIS CLAIM THAT IN THE PLEA COLLOQUY, THE TRIAL COURT FAILED TO WARN HIM THAT THE PLEA MAY SUBJECT HIM TO DEPORTATION?
Affirmed; question certified.
NOTES
[1] The defendant states that the agreement was for consecutive life sentences in the event that he failed to return from a furlough which the court granted, but if he returned, then the sentence would be for a term of years.