842 So.2d 900 (2003)
Juan MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5296.
District Court of Appeal of Florida, Second District.
February 12, 2003.
*901 Ramon Carrion of Ramon Carrion, P.A., Clearwater, for Appellant.
ALTENBERND, Chief Judge.
Juan Martinez appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand in light of the Florida Supreme Court's decision in Peart v. State, 756 So.2d 42 (Fla.2000).
In 1993, Mr. Martinez entered a plea of nolo contendere to a charge of aggravated assault. The trial court withheld adjudication and placed him on probation for a period of one year. He did not appeal the sentence and allegedly completed the term of probation without incident.
In February 2002, the Immigration and Naturalization Service issued a notice to appear, stating that Mr. Martinez was subject to removal. He quickly filed a motion for postconviction relief, alleging that the trial court failed to inform him of the potential deportation consequences of his plea as required by Florida Rule of Criminal Procedure 3.172. He further alleged that he was unaware of these consequences and would not have pleaded nolo contendere if he had been aware of them. The trial court denied the motion because it had not been filed within two years from the date the judgment became final.
In Peart, the supreme court held that the two-year limitation period applicable to a defendant's claim that the trial court failed to inform the defendant of possible deportation following entry of a guilty plea begins to run when the defendant has or should have knowledge of the threat of deportation. Peart, 756 So.2d at 46; see also Gray v. State, 774 So.2d 30 (Fla. 2d DCA 2000). Accordingly, Mr. Martinez's claim cannot be ruled untimely on its face.
Because Mr. Martinez's claim is facially sufficient in all other respects, we remand this matter to the trial court to reconsider his motion. On remand, the trial court may again deny this motion if the allegations are conclusively refuted by record attachment. If not, the trial court must conduct an evidentiary hearing on this claim.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.