851 So.2d 784 (2003)
Marilyn WIGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-595.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
Rehearing Denied August 29, 2003.
Juan C. Enjamio and James J. Thornton of Hunton & Williams, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
*785 KLEIN, J.
In 1995 appellant plead guilty to drug possession charges, adjudication was withheld, and she received two years probation which she successfully completed. After the plea, she became a naturalized citizen; however, in December, 2000, the United States filed an action to revoke appellant's naturalization based on the guilty plea.
Appellant then filed a rule 3.850 motion to vacate her plea because she was not adequately advised of immigration consequences, which the trial court held was premature under State v. Carmona, 827 So.2d 342 (Fla. 3d DCA 2002). In that case the court pointed out that the 3.850 motion improperly assumed that the government would prevail in the denaturalization proceeding and, if it did, that the government would subsequently seek to deport the defendant. We agree with Carmona and accordingly affirm without prejudice to the defendant seeking relief when the "threat of deportation," Peart v. State, 756 So.2d 42 (Fla.2000), is more demonstrable.
STONE and HAZOURI, JJ., concur.