893 So.2d 630 (2005)
Eduardo APARICIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-74.
District Court of Appeal of Florida, Third District.
February 9, 2005.
David M. Garvin, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before RAMIREZ, WELLS and SHEPHERD, JJ.
PER CURIAM.
Eduardo Aparicio appeals the denial of his dual motion to vacate his conviction and plea and motion for new trial filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In 1998, Aparicio pled nolo contendere to kidnapping Mildred Gonzalez on August 6, 1998. Aparicio's plea was accepted by the trial court pursuant to a plea colloquy in which he was affirmatively advised by the trial court that if he was not a United States citizen, he could be subjecting himself to deportation. See Fla. R.Crim. P. 3.172(c)(8). Aparicio was *631 thereafter sentenced to 364 days in jail and three years probation in accordance with the plea agreement. By his motion to vacate, Aparicio nevertheless contends that he is entitled to relief under Florida Rule of Criminal Procedure 3.850 because he was affirmatively misadvised by his counsel that if he accepted the plea and a 364-day sentence, there would be no immigration consequences. Aparicio has served his sentence in full, but now wishes to vacate his conviction and plea because he wants to apply for U.S. citizenship and also visit his son in Cuba. He avers, based upon an affidavit of immigration counsel in the record, that if he proceeds toward either goal he will be at least detained. He thus argues that the denial of his motion, which was done without an evidentiary hearing, was error because he is "presently threatened with deportation [as a result of his] plea." See Peart v. State, 756 So.2d 42, 46 (Fla.2000) ("in order for a defendant to establish a prima facie case for relief, the defendant must be threatened with deportation resulting from the plea"). We disagree. Our case law is clear that it is not the possibility of immigration consequences, but rather "the institution of imminent deportation proceedings by the Immigration and Naturalization Service against a defendant, as a result of entering a plea," that constitutes "facts sufficient to establish a prima facie case for relief." See Kindelan v. State, 786 So.2d 599, 599-600 (Fla. 3d DCA 2001). Aparicio's motion is therefore premature.
For the foregoing reasons, we affirm the judgment of the trial court without prejudice to Aparicio to re-raise his grounds for relief at such time as it may be appropriate.
Affirmed.