911 So.2d 257 (2005)
The STATE of Florida, Appellant,
v.
Mario GASTON, Appellee.
No. 3D04-2326.
District Court of Appeal of Florida, Third District.
September 28, 2005.
*258 Charles J. Crist, Attorney General, Tallahassee, and Jill K. Traina, Assistant Attorney General, Miami, for appellant.
Jerrard B. Cutrone, Miami, for appellee.
Before RAMIREZ, WELLS, and CORTIÑAS, JJ.
WELLS, J.
The State of Florida appeals from an order permitting Mario F. Gaston to withdraw a plea entered over ten years ago based on Gaston's claim that he was not advised that his plea might subject him to deportation. Because Gaston failed to make a prima facie case for relief, we reverse.
In 1994, Gaston pled guilty to a single charge of carrying a concealed firearm. Adjudication was withheld and Gaston was placed on probation for three months with a special condition of fifty hours of community service. A little over ten years later, Gaston filed the instant motion to withdraw his plea claiming that his plea was involuntary because the trial court failed to advise him that his plea might subject him to deportation[1] and because he has been advised by an immigration attorney that if he applied for residency, he would be subjected to deportation proceedings. The motion was granted; we reverse.
In Kindelan v. State, 786 So.2d 599, 600 (Fla. 3d DCA 2001), we held that following application for adjustment of immigration status, advice from INS of excludability from the United States due to a conviction fails to establish a prima facie case for relief, because "advising a defendant that a conviction constitutes grounds for exclusion from the United States is not the same as being threatened with deportation as a result of a plea." This holding is dispositive. See Aparicio v. State, 893 So.2d 630, 631 (Fla. 3d DCA 2005) (concluding that a defendant advised by an immigration attorney that he would be detained if he applied for citizenship failed to establish a prima facie case because it is not the possibility of immigration consequences, but rather imminent deportation proceedings that support relief); Saldana v. State, 786 So.2d 643, 645 (Fla. 3d DCA 2001) (concluding that issuance of a detainer by INS notifying initiation of investigation did not establish a prima facie case for relief). The order granting Gaston's motion to withdraw plea is, therefore, reversed.
We also certify conflict with Green v. State, 895 So.2d 441 (Fla. 4th DCA 2005), which is presently pending in the Florida Supreme Court (Case No. SC05-687) on conflict review.
NOTES
[1] Due to the passage of time no transcript of the plea hearing exists.