950 So.2d 397 (2007)
Mario GASTON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC05-1901.
Supreme Court of Florida.
February 8, 2007.
Jerrard B. Cutrone, Miami, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, and Jill Kramer Traina, Assistant Attorney General, Miami, FL, for Respondent.
*398 PARIENTE, J.
We have for review State v. Gaston, 911 So.2d 257 (Fla. 3d DCA 2005), in which the Third District Court of Appeal certified conflict with Green v. State, 895 So.2d 441 (Fla. 4th DCA 2005), quashed, 944 So.2d 208 (Fla.2006). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
In Gaston, the defendant moved to withdraw a plea of guilty to a charge of carrying a concealed firearm entered a decade earlier. 911 So.2d at 258. Gaston asserted that the trial court did not advise him that the plea might subject him to deportation and that he was subsequently advised by an immigration attorney that he would be subjected to deportation proceedings if he applied for residency. Id. The trial court granted the motion but the Third District reversed, concluding that Gaston had not stated a prima facie case by pleading that he was specifically threatened with deportation because of the plea. Id.
In Peart v. State, 756 So.2d 42 (Fla. 2000), we held that to establish prejudice arising from a trial court's failure to advise a defendant of deportation consequences of a plea, a defendant "must be threatened with deportation resulting from the plea." Id. at 46. However, in Green, we receded from this statement in Peart and held that "[h]enceforth, it is the fact that the plea subjects the defendant to deportation, rather than a specific threat of deportation, that establishes prejudice." 944 So.2d at 218. We also stated that courts should apply the new standard in cases now pending on this issue in the trial and appellate courts.
The decision below applied the Peart standard requiring an allegation of a specific threat of deportation rather than the requirement in Green that the defendant allege that the plea subjected the defendant to deportation. Accordingly, we quash the Third District decision in this case and remand for reconsideration in light of our decision in Green.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.