960 So.2d 803 (2007)
The STATE of Florida, Appellant,
v.
Mario GASTON, Appellee.
No. 3D04-2326.
District Court of Appeal of Florida, Third District.
June 20, 2007.
Bill McCollum, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellant.
Jerrard B. Cutrone, Miami, for appellee.
Before RAMIREZ, WELLS, and CORTIÑAS, JJ.

ON REMAND
WELLS, J.
This case is before us on remand for reconsideration following the Florida Supreme Court's decision in Gaston v. State, 950 So.2d 397 (Fla.2007).
In State v. Gaston, 911 So.2d 257 (Fla. 3d DCA 2005), this court reversed a trial *804 court order vacating a plea allegedly entered in violation of Florida Rule of Criminal Procedure 3.172(c)(8), which requires trial judges to inform those intending to plead guilty or nolo contendre "that, if he or she is not a United States citizen, the plea may subject him or her to deportation. . . ." We reversed the order vacating Gaston's plea relying on earlier decisions from this court in which we concluded that only initiation of deportation proceedings constituted sufficient prejudice to state a prima facie case for vacating a plea for this reason. Id. at 258, citing Kindelan v. State, 786 So.2d 599, 600 (Fla. 3d DCA 2001) (holding that denial of a request to adjust immigration status and a finding that movant was excludable is not a "threat of deportation" that would support vacating a plea for failure to advise of deportation consequences); Aparicio v. State, 893 So.2d 630, 631 (Fla. 3d DCA 2005) (ruling that advice by immigration counsel that application for citizenship or possible detention on reentering the country was not a threat of deportation that would support vacating a plea for failure to advise of deportation consequences); Saldana v. State, 786 So.2d 643, 645 (Fla. 3d DCA 2001) (finding that a notice that a detainer would be placed on the movant and initiation of an investigation into deportability was not a threat of deportation that would support vacating a plea for failure to advise of deportation consequences); see also Peart v. State, 756 So.2d 42, 48 (Fla.2000) (holding that a motion to withdraw a guilty or no contest plea for failure to advise of deportation consequences must demonstrate that the movant has been threatened with deportation because of the plea).
We also certified conflict with Green v. State, 895 So.2d 441 (Fla. 4th DCA 2005), which was already pending review in the Florida Supreme Court on an acknowledged conflict between Green and other decisions from this court as to whether "nothing less than the initiation of a deportation proceeding will constitute sufficient prejudice by reason of a `threat of deportation.'" See State v. Green, 944 So.2d 208, 212 (Fla.2006) (quoting Green, 895 So.2d at 444).
The Supreme Court has now resolved the issue, receding, in part, from its earlier decision in Peart to hold that a plea entered without advice of deportation consequences, rather than an actual threat of deportation, constitutes prejudice sufficient to support a motion to vacate:
In Peart v. State, 756 So.2d 42 (Fla. 2000), we held that to establish prejudice arising from a trial court's failure to advise a defendant of deportation consequences of a plea, a defendant "must be threatened with deportation resulting from the plea." Id. at 46. However, in Green, we receded from this statement in Peart and held that "[h]enceforth, it is the fact that the plea subjects the defendant to deportation, rather than a specific threat of deportation, that establishes prejudice." 944 So.2d at 218.
Gaston, 950 So.2d at 398.
Because our decision in Gaston was predicated on that portion of Peart from which the Florida Supreme Court has now receded, the Supreme Court has remanded this matter for this court to apply the new standard stated in Green:
The decision below applied the Peart standard requiring an allegation of a specific threat of deportation rather than the requirement in Green that the defendant allege that the plea subjected the defendant to deportation. Accordingly, we quash the Third District decision in this case and remand for reconsideration in light of our decision in Green.

Id.
Under Green, a motion to vacate a plea must allege that: (1) the trial court did not *805 advise the defendant of the deportation consequences at the time of the plea; (2) the defendant would not have accepted the plea if properly advised; and, (3) the plea renders the defendant subject to deportation:
To reiterate our holding . . . [t]he motion must allege, in addition to the lack of a deportation warning, that the defendant would not have entered the plea if properly advised and that under current law the plea does render the defendant subject to being removed from the country at some point in the future.
Green, 944 So.2d at 219.
Gaston's motion meets these pleading requirements. More importantly, the unrebutted testimony adduced at the evidentiary hearing on this motion supports these allegations. Based on this record, we cannot say that the court below erred in vacating Gaston's plea.
The order granting Gaston's motion to vacate his plea is, therefore, affirmed.