PER CURIAM.
Appellant, Rosendo Velazquez, appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Appellant set forth the requisite pleadings provided in State v. Green, 944 So.2d 208, 219 (Fla.2006), in his motion for post-conviction relief. Specifically, appellant alleged that the trial court did not advise him of deportation consequences at the time of the plea; he submits that he would not have accepted the plea knowing it subjected him to deportation. Id. Further, the trial court did not provide record attachments that conclusively refuted appellant’s claims.
As appellant’s motion was timely and met the threshold allegations necessary to support the claim, this case is reversed and remanded to the trial court for further proceedings. See Ghneim v. State, 950 So.2d 542, 543 (Fla. 4th DCA 2007); see also Gaston v. State, 950 So.2d 397 (Fla.2007). On remand, the trial court may again deny this motion if the allegations are conclusively refuted by the record attachment. Martinez v. State, 842 So.2d 900 (Fla. 2d DCA 2003). Otherwise, the trial court must conduct an evidentiary hearing on the claim, at which the court may consider any other defenses the state might raise, such as laches.
STONE, WARNER and GROSS, JJ., concur.