COPE, J.
 

 This is an appeal of an order denying a motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850, wherein Maria Rubi Castrillon seeks to vacate her plea on the ground that she was not warned of the deportation consequences of the plea. We affirm, but grant leave to amend.
 

 Through counsel, Maria Rubi Castrillon filed a rule 3.850 motion alleging that in 1994, she entered a nolo contendere plea to grand theft, credit card fraud, and credit card forgery. The court withheld adjudication, imposed three years of probation, and ordered defendant-appellant Castrillon to pay restitution.
 

 The defendant filed her postconvietion motion pursuant to
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006). She alleges that the trial court did not advise her of the deportation consequences of the plea, that she would not have accepted the plea if properly advised, and that the plea renders the defendant subject to deportation. The motion is supported by affidavit. The motion states that the transcript of the plea colloquy is unavailable.
 

 The trial court denied relief stating in part:
 

 1. The motion fails to provide any immigration information that would
 
 *1225
 
 demonstrate that the defendant is a legal immigrant and therefore, subject to deportation solely because of the conviction she is seeking to vacate. The motion does not state basic immigration information, such as the defendant’s alien registration number, date and place of birth and date and port of entry into the United States.
 

 This part of the trial court order is in error. We have summarized
 
 Green
 
 as follows:
 

 Under
 
 Green,
 
 a motion to vacate a plea must allege that: (1) the trial court did not advise the defendant of the deportation consequences at the time of the plea; (2) the defendant would not have accepted the plea if properly advised; and, (3) the plea renders the defendant subject to deportation[.]
 

 State v. Gaston,
 
 960 So.2d 803, 804-05 (Fla. 3d DCA2007).
 

 The defendant’s motion complied with item (3) by alleging that she is subject to removal on account of the 1994 plea. She also alleges that there are no other grounds for deportation.
 

 The
 
 Green
 
 decision does not require that the defendant plead the additional immigration information set forth in paragraph one of the trial court’s order, such as alien registration number, so the motion should not have been denied on that basis. The court does have the discretion, however, to order the defendant to provide this additional information to the State so that the State has a fair opportunity to file an informed response to the motion.
 

 The second basis for dismissal was:
 

 2. The motion does not meet a requirement of
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006), in that the
 
 motion does not state how the defendant will meet her burden of proving that the trial court did not advise her that the plea might subject her to deportation,
 
 if she is not a United States citizen.
 

 The trial court’s ruling on this point is correct. The
 
 Green
 
 decision states, in part:
 

 Further, the defendant must state in the rule 3.850 motion how he or she will prove that the immigration warning was not given. In the normal case, this will require the defendant to allege that a hearing transcript will demonstrate a violation of rule 3.172(c)(8).
 

 Green,
 
 944 So.2d at 218. In this case the defendant’s motion revealed that no transcript is available. Where that is the case,
 
 Green
 
 requires the defendant to include in the motion a statement of how the defendant intends to prove that the immigration warning was not given.
 

 Because this is a defect which can be cured by filing an amended motion, we affirm the order of denial but grant the defendant leave to file an amended motion within thirty days of the issuance of our mandate,
 
 see Spera v. State,
 
 971 So.2d 754 (Fla.2007),
 
 *
 
 which deadline may be extended, if necessary, for good cause shown.
 
 See
 
 Fla. R.Crim. P. 3.050;
 
 Rodriques v. State,
 
 980 So.2d 1203, 1204 (Fla. 4th DCA 2008). The amended motion will relate back to the date of filing the original motion.
 

 Affirmed.
 

 *
 

 The Florida Supreme Court has indicated that where, as here, the motion is facially insufficient but the insufficiency can be cured by amendment, "the proper procedure is to strike the motion with leave to amend within a reasonable period.”
 
 Spera,
 
 971 So.2d at 761. Neither party called
 
 Spera
 
 to the attention of the trial court.