ROTHENBERG, J.
 

 The State appeals the trial court’s order vacating Manuel Ruiz’s (“the defendant”) convictions for burglary of an unoccupied structure, second degree grand theft, and trespass, which were as a result of the defendant’s plea of nolo contendere to these charges on December 14, 1995. The basis for the trial court’s ruling was the failure of the trial court to warn the defendant that his plea could subject him to deportation. Because the record reflects that the defendant was
 
 not
 
 warned of the possible deportation consequences of his plea, and we conclude that the defendant’s motion to vacate his plea was timely under
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006), we affirm.
 

 The defendant entered his plea to the charges on December 14, 1995. On February 18, 2004, the defendant filed a motion to set aside his plea and vacate his convictions. Along with his motion, the defendant submitted a sworn affidavit averring that he wished to vacate his plea because he had been put on notice by consulting with an immigration lawyer regarding the potential immigration consequences of his plea. On April 22, 2004, the defendant’s motion was denied because he was not yet under a threat of deportation. Thus, under
 
 Peart v. State,
 
 756 So.2d 42 (Fla.2000), he was not entitled to relief. The trial court, however, denied the motion without prejudice and the defendant was specifically put on notice of the
 
 Peart
 
 decision and the time limitations under
 
 Peart.
 

 On April 15, 2006, the defendant received a Notice of Decision from the United States Citizenship and Immigration Services, informing him that “any alien convicted of ... a crime of moral turpitude ... is inadmissible”; he had been convicted for a crime of moral turpitude; and he was, therefore, inadmissible to the United States. The notice additionally informed the defendant that his application was denied; there was no appeal or other form of relief available to him; any advanced parole or work authorization document issued to him was terminated as of the date of the notice; and that if he was no longer
 
 *655
 
 in a valid status, he must depart the United States. Because the defendant was in the United States on “humanitarian parole,” his parole was terminated as of April 15, 2006, and he was required to leave the United States.
 

 Because the defendant unambiguously was put on notice “of the threat of deportation” on April 15, 2006, under
 
 Peart,
 
 he had two years to file a motion to vacate his plea.
 

 Since the day the defendant gains (or should gain) knowledge of the threat of deportation is the first day the defendant can actually articulate a prima facie case, it stands to reason that the day the defendant learns of the threat should likewise start the running of the two-year limitation period.
 

 Peart,
 
 756 So.2d at 46.
 
 See also Alfaro v. State,
 
 828 So.2d 1056, 1057 (Fla. 3d DCA 2002) (holding that a Notice to Appear issued by the United States Immigration and Naturalization Service, stating that the defendant was “subject to removal” was facially sufficient to invoke postconviction jurisdiction under Peart).
 

 Despite the notice ordering the defendant to leave the United States on April 15, 2006, and his awareness of the
 
 Peart
 
 decision, the defendant did not file his renewed motion to vacate his plea until October 24, 2008, which is clearly outside the two-year time limitation provided in
 
 Peart.
 
 Although the defendant concedes that his motion is untimely under
 
 Peart,
 
 he argues that it is timely under
 
 Green.
 
 We agree.
 

 In
 
 Green,
 
 the Florida Supreme Court receded from
 
 Peart,
 
 returned to the limitations criteria of Florida Rule of Criminal Procedure 3.850, and narrowed the time period for filing such a claim to two years from the date the judgment and sentence became final.
 
 Id.
 
 at 218. Because the court recognized that it was changing the criteria and the time period to file such a claim, it provided that “defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today.”
 
 Id.
 
 at 219. Because the time limitation under
 
 Peart
 
 had not expired when the
 
 Green
 
 decision was issued, we conclude that the
 
 Green
 
 decision and the two-year time period provided in
 
 Green
 
 applies to this case.
 

 We find the instant case distinguishable from this Court’s decisions in
 
 State v. Freijo,
 
 987 So.2d 190, 195 (Fla. 3d DCA 2008) (holding that the
 
 Green
 
 decision did not serve to revive a claim that was time-barred under the more liberal time standard contained in
 
 Peart
 
 and
 
 Markland v. State,
 
 971 So.2d 832, 834 (Fla. 3d DCA 2007)), and the Fourth District’s decision in
 
 Pena v. State,
 
 980 So.2d 542, 545-46 (Fla. 4th DCA 2008) (holding that because the defendant “was aware of the immigration consequences of his plea as early as October 1998 and no later than July 2000, when he was placed in the Krome Detention Center .... [his] limitations period expired, at the latest, in July 2002,” and his motion was not revived by Green).
 

 The defendant was put on notice that his parole was being terminated and that he was required to leave the United States on April 15, 2006.
 
 Green
 
 was decided on October 26, 2006. The defendant filed his second motion to vacate his plea on October 24, 2008. Although the defendant’s motion would have been untimely under
 
 PeaH,
 
 it was timely under
 
 Green.
 
 Because the defendant’s claim was not time-barred under
 
 PeaH
 
 when
 
 Green
 
 was decided, the
 
 Green
 
 opinion did not revive a time-barred claim, and was therefore correctly relied on by the trial court in determining the timeliness of the defendant’s motion. Because the record supports the defendant’s claim on the merits and his
 
 *656
 
 motion was timely filed, we affirm the decision below.
 

 Affirmed.