IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER EDWARD
CARROLL,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4860

Opinion filed May 7, 2015.

An appeal from an order of the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

Christopher Edward Carroll, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Joshua R. Heller, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     Christopher Edward Carroll appeals from an order dismissing his motion

filed pursuant to Florida Rule of Criminal Procedure 3.801. The trial court denied

the motion as untimely. We reverse for further proceedings.

It is improper to deny a postconviction motion as time-barred where the motion is timely on its face. See Martinez v. State, 842 So. 2d 900, 901 (Fla. 2d DCA 2003). Further, an order denying a postconviction motion as procedurally barred may be reversed where the record does not reflect that the defendant is not entitled to relief. See Salabarria v. State, 100 So. 3d 231, 232 (Fla. 3d DCA 2012).

In the instant case, the appellant alleged in his motion that he was sentenced in all four cases that were the subject of the motion on September 4, 2013. If this allegation is true, the appellant's motion, filed on September 3, 2014, would be timely. See Fla. R. Crim. P. 3.801(b) ("No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final."). In its order of dismissal, the trial court asserted that the appellant was sentenced in all four cases on June 14, 2013, which would render his motion untimely. See id. ("For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014."). However, as the state conceded in response to this Court's Toler[1] order, the appellant's motion was timely on its face and the trial court failed to attach documents demonstrating that the appellant was not entitled to relief.

Accordingly, we reverse the trial court's order dismissing the appellant's rule 3.801 motion. On remand, should the trial court again conclude that appellant's rule

---

[1] Toler v. State, 493 So. 2d 489 (Fla. 1st DCA 1986).

2

3.801 motion is procedurally barred, it shall attach to its order the portions of the record demonstrating that the appellant is not entitled to relief. Otherwise, it shall consider the motion on the merits.

REVERSED and REMANDED.

WOLF, ROWE, and SWANSON, JJ., CONCUR.