# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1337
Lower Tribunal No. 94-31056B
_____


**John Jules,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Geller Tamayo LLC and Pablo Tamayo, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before EMAS, LOGUE and LINDSEY, JJ.

EMAS, J.

## INTRODUCTION

John Jules appeals from an order denying his motion for postconviction relief following an evidentiary hearing. Jules claimed in his motion that the trial court's failure to advise him of possible immigration consequences rendered his plea involuntary, entitling him to withdraw his plea. For the reasons that follow, we hold that Jules' claim is time-barred.

## FACTS AND PROCEDURAL HISTORY

The relevant factual allegations, with one notable exception,[1] are not in dispute:

Jules was a citizen of Haiti living in Miami, Florida. In 1993, Jules obtained legal permanent resident status.

In September 1994, Jules was arrested and was subsequently charged with seven crimes: three counts of attempted first-degree murder; one count of armed burglary; one count of burglary with an assault or battery; one count of armed robbery; and one count of strongarm robbery.

In April 1995, Jules entered a negotiated plea of guilty to all seven charges. In exchange for his guilty plea, he was sentenced to ten years' state prison on each count, all sentences to run concurrently.

---

[1] That one notable exception is Jules' penultimate allegation that, in the exercise of due diligence, he could not have ascertained, prior to June of 2015, the immigration consequences resulting from his plea. This allegation is at the heart of the claim.

Jules served his sentence and was released from prison in January 2001. No immigration detainer or hold was placed on him preventing his release from prison following the completion of his sentence. In 2003 and 2014, Jules was approved for the renewal of his legal permanent resident status to remain in the United States.[2] In 2008 and 2009 Jules traveled to and from the Bahamas and returned to the United States without incident. In June 2015, Jules traveled to Turks and Caicos and, upon his return into the United States, he was detained by immigration officials and advised that his 1995 convictions subjected him to deportation. In August 2015, Jules was formally placed into removal proceedings.

In March 2017 Jules filed a motion for postconviction relief, alleging that, in 1995, the trial judge failed to advise Jules that his plea could subject him to possible immigration consequences. A review of the 1995 plea colloquy confirms the trial judge simply asked Jules "Are you a United States citizen?" to which Jules answered "Yes." The trial judge did not thereafter advise Jules that, regardless of his assertion of United States citizenship, if he was not a United States citizen, the plea may subject him to deportation.[3] Jules contends that this failure rendered his

[2] Appellant was charged, convicted and sentenced under the name John Jules, date of birth February 6, 1979. However, the record provided by appellant indicates that Jules' permanent resident status was granted, and subsequently renewed, under the name of John Dieudonne Joseph, date of birth February 4, 1977. The notice of removal proceedings indicates that the name John Jules is an alias.

[3] We note that in 1995, Florida Rule of Criminal Procedure 3.172(c)(8) provided that if a defendant:

3

plea involuntary because, had he been properly advised of the potential immigration consequences of his plea, he would not have entered the plea but would have insisted on going to trial.

The State contended below, and here on appeal, that Jules' motion was untimely. Under rule 3.850(b), a defendant generally must file his 3.850 motion "no more than 2 years after the judgment and sentence become final. . . ." Jules asserts that his motion is timely because he satisfied the "due diligence" exception to the two-year time limitation, which permits a defendant to file a 3.850 motion more than two years after the judgment and sentence are final if

> the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence. . . .

Fla. R. Crim. P. 3.850(b)(1).

---

> pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.

Though not relevant to the instant case, we note that the Florida Supreme Court substantially amended this rule, effective January 1, 2016, expanding the trial court's admonitions to a defendant regarding potential immigration-status consequences of a plea. See In re Amendments to the Florida Rules of Criminal Procedure, 188 So. 3d 764 (Fla. 2015); Fla. R. Crim. P. 3.172(c)(8)(A)-(D).

The State asserted that Jules could not meet this exception because he failed to act with due diligence to ascertain the potential immigration consequences of his plea. The trial court held an evidentiary hearing and denied the motion, concluding that the motion was time-barred.

**ANALYSIS AND DISCUSSION**

Jules asserts that he did not know the immigration consequences of his plea until June 2015, when he was detained at the airport by immigration authorities and advised that his prior convictions subjected him to deportation. We need not decide whether Jules in fact knew of the immigration consequences of his plea prior to June 2015 because, even if true, it is not alone sufficient to warrant relief. Jules must also establish that this information "could not have been ascertained by the exercise of due diligence."[4] Fla. R. Crim. P. 3.850(b)(1).

In his motion, Jules assert that, in the exercise of due diligence, he could not have ascertained the possible immigration consequences of his plea prior to June 2015. However, Jules failed to allege, or establish at the hearing, any steps he took to show that he acted with due diligence or to otherwise establish why he could not have discovered the possible immigration consequences of his plea prior to June

---

[4] If Jules in fact established that, in the exercise of due diligence, he could not have ascertained this information prior to June 2015, then his motion would be timely, because it was filed on March 30, 2017, a date that falls "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

2015. Instead, Jules alleges that he was misled into believing that there were no immigration consequences to his plea, and points to the fact that no detainer was placed on him during his prison sentence; that his lawful permanent resident status had been renewed (though under a different name) on two separate occasions after his release from prison; and that in 2008 and 2009 he had traveled to the Bahamas and returned to the United States without being detained.

The State counters that, under State v. Green, 944 So. 2d 208 (Fla. 2006), Jules had two years from the date of Green to file his motion for postconviction relief or, if filed outside that two-year window, to affirmatively plead and prove that, in the exercise of due diligence, he could not have ascertained during that two-year window the possible immigration consequences of his 1995 plea. In the absence of pleading and proving same, the State asserts, Jules' motion was time-barred under Green. We agree.[5]

In Peart v. State, 756 So. 2d 42 (Fla. 2000), the Florida Supreme Court reaffirmed a trial court's obligation to make the appropriate inquiry under rule 3.172(c), to ensure a defendant enters his plea knowingly and voluntarily. The

---

[5] Because Jules' motion was procedurally barred, the trial court did not adjudicate the actual merits of Jules' claim: that had Jules known that the plea would have subjected him to deportation or removal from the United States, he would not have entered the plea but instead would have continued to plead not guilty and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52 (1985); Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2012). Because we agree with the trial court's determination that his motion was time-barred, we likewise do not reach the merits of Jules' claim.

Court also recognized that a defendant may, under certain circumstances, seek to withdraw a plea as involuntary when the trial court's failure to make the proper inquiry results in prejudice to the defendant. Id. at 45. The Court held that a defendant seeking to withdraw his plea under these circumstances must file a motion pursuant to rule 3.850 and that such motion must be filed within the two-year time established in rule 3.850(b)(1). Id. at 46.

Finally, the Court was called upon to determine when the two-year time limitation begins to run. The Peart Court held that that two-year period within which to file such a motion begins to run "when the defendant has or should have knowledge of the threat of deportation" based on a plea. Id. Further, the Court held, "in order for a defendant to establish a prima facie case for relief, the defendant must be threatened with deportation resulting from the plea. Id. (Emphasis added.)

However, six year later, in Green, the Court receded from that portion of Peart, and established a new standard:

> We recede from our holding in *Peart* that the two-year period for moving to withdraw a plea on grounds that the trial court failed to advise the defendant that the plea could result in deportation begins "when the defendant has or should have knowledge of the threat of deportation based on the plea." [*Peart*,] 756 So. 2d at 46.
>
> Instead, pursuant to Florida Rule of Criminal Procedure 3.850(b), the limitations period commences when the judgment and sentence become final unless the defendant could not, with the exercise of due diligence, have ascertained within the two-year period that he or she

7

was subject to deportation.  **Further the defendant must establish only that he or she is subject to deportation because of the plea, not, as we held in** *Peart***, that he or she has been specifically threatened with deportation**.

Green, 944 So. 2d at 210 (emphasis added).

Additionally, and significantly for our purposes, the Court in Green noted that, under this new standard, a defendant acts at his peril by simply waiting until the occurrence of some event that renders deportation imminent:  "It will not be enough to allege that the defendant learned of the possibility of deportation only upon the commencement of deportation proceedings after the two-year limitations period has expired."  Id. at 218.  Instead, due diligence "compels the defendant to allege and prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status."  Id.  (Emphasis added.)

In establishing the proper timeframe for cases (like Jules') whose conviction and sentence were already final at the time of the Green decision, the Court noted:

> Our holding in this cases reduces the time in which a defendant must bring a claim based on an alleged violation of rule 3.172(c)(8). Therefore, in the interest of fairness, defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today.

Id. at 219 (emphasis added).

Green was decided on October 26, 2006.  Therefore, Jules had until October 26, 2008, to file his motion.  Because he did not file his motion until March 30, 2017, Jules was required to allege in his motion, and prove at a hearing, that, in the

8

exercise of due diligence, he could not have ascertained the possible immigration consequences of his plea until June 2015, when he was detained by immigration authorities and advised he was subject to deportation. Green, 944 So. 2d at 218; Canseco v. State, 52 So. 3d 575 (Fla. 2010); State v. Ruiz, 30 So. 3d 653 (Fla. 3d DCA 2010).

Jules filed his motion in March 30, 2017 and, by his own concession, did so only after he was detained by immigration authorities (in June 2015), and only after receiving a Notice to Appear (in August 2015) for removal proceedings. Jules failed to plead or prove any affirmative steps taken by him prior to that time (in the exercise of due diligence) to discover the effect of his plea on his residency status. We agree with the trial court's determination that Jules' allegations that he was "misled" into believing that there were no immigration consequences from his plea (based upon the fact that no detainer was placed on him during his prison sentence; that his lawful permanent resident status had been renewed after his release from prison; and that in 2008 and 2009 he returned from the Bahamas to the United States without being detained) were insufficient to satisfy the "due diligence" and "affirmative steps" requirement of rule 3.850(b)(1) and Green.

On appeal, Jules argues that, had he consulted an attorney during the relevant two-year window (i.e., the 2006-2008 window established in Green), "the only valid advice" the attorney would have provided was that Jules "didn't have a

9

ripe postconviction claim until he was facing imminent deportation proceedings. . . ."  Jules relies for this proposition on Aparicio v. State, 893 So. 2d 630 (Fla. 3d DCA 2005) (abrogated by Green, as recognized in State v. Gatson, 960 So. 2d 803 (Fla. 3d DCA 2007)).  That reliance, however, is misplaced.  This court in Aparicio followed the standard established in Peart, and correctly stated the law as it existed at the time of our Aparicio decision in 2005.  However, the Florida Supreme Court decision in Green (issued a year after Aparicio), receded from that portion of Peart, created a new standard, and imposed new obligations on the defendant.  Stated more concretely, had Jules consulted an attorney within the two-year period following the 2006 decision in Green, that attorney would have advised that, pursuant to Green, Jules could *not* simply wait until he was facing the threat of deportation proceedings before filing his motion, but instead was required to take "affirmative steps . . . in an attempt to discover the effect of the plea on his . . . residency status." Green, 944 So. 2d at 218.

**CONCLUSION**

Jules did precisely what the Green Court (receding from its earlier decision in Peart) held was no longer adequate: he waited to file his motion until after he was facing imminent deportation proceedings.  The trial court properly denied Jules' motion for postconviction relief because the motion was filed after the expiration of the two-year time limitation established in Green, 944 So. 2d at 218,

10

and because Jules failed to establish that in the exercise of due diligence he could not have ascertained the possible immigration consequences of his plea within that two-year period.  His motion was therefore time-barred.

Affirmed.