794 So.2d 730 (2001)
McKenzie BELLEVUE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1537.
District Court of Appeal of Florida, Third District.
September 19, 2001.
Bellevue McKenzie, in proper person.
Robert A. Butterworth, Attorney General, and Steven R. Parrish, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
COPE, J.
McKenzie Bellevue appeals an order denying postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm, without prejudice to defendant-appellant Bellevue to refile.
Defendant is in federal custody. Following the decision in Peart v. State, 756 *731 So.2d 42 (Fla.2000), he filed a motion for postconviction relief seeking to withdraw pleas he entered in state court in circuit court case numbers 88-42984 and 90-44397. He entered pleas in those cases in 1989 and 1990. He contends that he is entitled to withdraw these pleas because the trial court did not advise him of possible immigration consequences as required by Florida Rule of Criminal Procedure 3.172(c)(8).
The trial court denied relief because the defendant's motion did not allege that he is under any threat of deportation at this time as a result of the state-court pleas. See Peart, 756 So.2d at 46.
Defendant has appealed. He has attached to his brief a copy of a detainer recently filed by the Immigration and Naturalization Service ("INS") against him with the Federal Bureau of Prisons. The detainer indicates that an "[i]nvestigation has been initialized to determine whether this person is subject to removal from the United States."
The State correctly points out that this document was not filed with the trial court. Further, there is nothing on the face of the document which indicates that the INS investigation is based on the existence of the earlier state court convictions, as opposed to the current federal sentence that the defendant is now serving. See Saldana v. State, 786 So.2d 643 (Fla. 3d DCA 2001). Thus, we affirm the order denying postconviction relief, without prejudice to the defendant to refile a 3.850 motion if he can establish a legally sufficient threat of deportation which is based on the earlier state court convictions.
The State argues that the defendant will not in any event be able to show prejudice on account of the state court pleas because under the recent decision of the United States Supreme Court in Immigration and Naturalization Service v. St. Cyr, ___ U.S. ___, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the defendant is entitled to apply to the INS for relief with respect to any pleas he entered prior to 1996. The State may address that claim to the trial court in the event that the defendant refiles a 3.850 motion.
Affirmed.