824 So.2d 924 (2002)
Jorge PRIETO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-805.
District Court of Appeal of Florida, Third District.
June 26, 2002.
Rehearing, Rehearing or Certification Denied September 4, 2002.
Bennett H. Brummer, Public Defender and Roy A. Heimlich Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before GODERICH and SHEVIN, JJ., and NESBITT, Senior Judge.
Rehearing, Rehearing En Banc or Certification Denied September 4, 2002.
NESBITT, Senior Judge.
On December 7, 1994, the defendant entered into a written plea agreement for twenty years confinement in state prison in response to an indictment that had charged defendant with first degree murder, attempted first degree murder of the same victim one month earlier, and with possession of a firearm during the commission of a felony. In the agreement, the defendant promised to testify truthfully at trials arising from previous assaults on the same victim and cooperate fully with the State in its preparation for those trials. The agreement provided that the State would nolle pross the first degree murder and weapons charges but might reinstate those charges should the defendant fail to comply with the terms of the agreement. It is undisputed that at the time of the entry of the plea and sentence, the defendant had not been advised of the plea's potential immigration consequences.
On October 17, 1995, Immigration and Naturalization Service commenced deportation proceedings against the defendant. On November 9, 1995, the defendant filed a pro se motion pursuant to Florida Rules *925 of Criminal Procedure 3.850 challenging his convictions, alleging among other things that his trial counsel had misadvised him concerning the immigration consequences of his plea. Alleging a violation of plea agreement terms, the State filed a motion to enforce the terms of the agreement. Both motions were heard on March 12, 1996. At that hearing, the defendant sought to amend his motion, to also assert that the trial court had failed to warn him of the potential immigration consequences of his plea, a requirement of Florida Rule of Criminal Procedure 3.172(c)(8). The trial court did not address the motion to amend, but denied the defendant's motion to vacate his guilty plea. The trial court then granted the State's motion to vacate the plea agreement, vacated the 20 year sentence on the attempted murder charge, resentenced the defendant to life in prison on that charge, and allowed the State to reinstate the first degree murder charge.
Ultimately, the defendant was one of those who procured relief from the Florida Supreme Court in Peart v. State, 756 So.2d 42 (Fla.2000). In Peart, the Supreme Court concluded that proving a probable acquittal was not a necessary element in order to obtain relief for a trial judge's failure to inform a defendant of the possibility of deportation after guilty plea, but that the defendant must show prejudice arising from the failure to advise of the immigration consequences of his plea.
Citing Peart, the defendant maintains that he made the required showing of prejudice by producing the letter evidencing that the INS had commenced deportation proceedings against him. The State points out that the INS letter referred not only to defendant's conviction resulting from the plea agreement, but also to the defendant's August 10, 1989 felony conviction for grand theft, emanating from the Broward Circuit Court. The State argues and we agree, that because the defendant's deportation consequences may have resulted from his 1989 felony conviction, he cannot demonstrate the prejudice required under Peart. See Saldana v. State, 786 So.2d 643, 644 (Fla. 3d DCA 2001)(holding that to establish a prima facie case for relief the defendant must show he is being threatened with deportation resulting from the plea); State v. Oakley, 715 So.2d 956, 957 (Fla. 4th DCA 1998)(holding that the defendant failed to show prejudice, despite rule 3.172(c)(8) violation, where defendant was deportable based on previous drug trafficking conviction). See also Ashley v. State, 814 So.2d 515 (Fla. 3d DCA 2002)(finding no requisite prejudice where defendant would be subject to deportation regardless of her plea). In sum, in light of defendant's previous felony conviction, defendant cannot make the showing of prejudice arising from the failure to advise, as required by Peart.
Finally, we note that under the instant circumstances, while the defendant is not entitled to state court relief, he may be able to obtain relief through federal immigration procedures. See Diaz v. State, 790 So.2d 581 (Fla. 3d DCA 2001)(citing to Immigration and Naturalization Serv. v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)).
Accordingly the order under review is affirmed.