837 So.2d 495 (2003)
Alfonso PENA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2999.
District Court of Appeal of Florida, First District.
January 8, 2003.
Rehearing Denied February 20, 2003.
Appellant Alfonso Pena, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
We affirm the trial court's denial of appellant Pena's motion filed pursuant to Florida Rule of Criminal Procedure 3.850 motion. Pena alleges in his motion that the trial court wrongly failed to advise him of the direct consequences of a plea and, in particular, that one who is not a United States citizen could be subject to deportation. We acknowledge that the circuit judge in the underlying criminal case did in fact fail to comply with all the requirements of Florida Rule of Criminal Procedure 3.172(c)(8), in that the judge did not inform appellant at the time of the plea that "the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service...." One might speculate that the circuit judge felt he had no need to comply with the rule. During the plea colloquy, the judge asked appellant whether he was a United States citizen. Appellant, presumably under oath, replied that he was a United States citizen. Appellant, nevertheless, now argues that the judge was not, by virtue of appellant's falsehood, relieved of the duty to advise appellant that if he was not a United States citizen, he might be subjected to deportation.
*496 Unfortunately for appellant, Exhibit A to his Rule 3.850 motion defeats the claim. This exhibit is the notification from the Immigration and Naturalization Service concerning appellant's possible deportation. In addition to noting the present conviction, the notice also reminds appellant that several years earlier, he was convicted in the United States District Court for the offense of possession of cocaine with the intent to distribute, in violation of federal law. "[B]ecause the defendant's deportation consequences may have resulted from his [earlier] felony conviction, he cannot demonstrate the prejudice required under Peart [v. State, 756 So.2d 42 (Fla. 2000)]." Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002). Appellant's motion is self-defeating in terms of the prejudice requirement, and the trial court did not err in summarily denying the motion.
AFFIRMED.
BARFIELD and PADOVANO, JJ., concur.