PER CURIAM.
Rayon Payne [“Payne”] appeals the summary denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In 1999, Payne was charged with five counts of possession of stolen or counterfeit credit cards, two counts of fraudulent use of credit cards to obtain more than $100 in value, one count of third-degree grand theft of $10,000 or more, two counts of third-degree grand theft, one count of petit theft and one count of scheme to defraud. Pursuant to a plea bargain, on March 9, 2000, he pled no contest to one count of possession of stolen or counterfeit cards and one count of scheme to defraud and the State nol prossed the remaining charges. He was sentenced the same day to one-day time served and two consecutive five-year terms of probation. No direct appeal was filed.
In his rule 3.850 motion, Payne contends that his plea was involuntary because he is not a United States citizen, the trial court failed to advise him of the possible consequence of deportation during the plea colloquy, in violation of Florida Rule of Criminal Procedure 3.172(c)(8), and the possibility of deportation was not mentioned by defense counsel or the state attorney. He also alleges that he was unaware that his plea could result in deportation until the fall of 2002. He claims that he has now been threatened with deportation because of the plea and that had he known of this possible consequence, he would not have entered the plea.
Payne also alleged that while on probation for these criminal convictions in 2002, he was charged with sexual battery. Ac *635 cordingly, an affidavit of violation of probation was issued in this case. A plea bargain was offered for concurrent terms in both cases. Payne claims that his trial counsel was unprepared to properly advise him, and that counsel improperly advised him to accept the plea offer. He was sentenced to ten years for the sexual battery and was given concurrent five-year terms for the convictions in this ease. He filed a timely motion to withdraw plea, which was denied. Payne then appealed his conviction and sentence for sexual battery and the probation revocation in this case. However, no issues relating to this case were raised. This court per curiam affirmed the judgments and convictions in both cases. See Payne v. State, 847 So.2d 486 (Fla. 5th DCA 2003).
The trial court correctly denied Payne’s motion for post-conviction relief. The trial court found that even if it were shown that Payne will be deported, he failed to allege or show that the deportation would be based on his convictions in this case, since he admits that he was convicted of sexual battery. Because Payne was subject to deportation based on this felony .conviction, regardless of his plea to these earlier felonies, he cannot make the requisite showing of prejudice. See Peart v. State, 756 So.2d 42 (Fla.2000).
In Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002), review denied, 842 So.2d 845 (Fla.2003), the court held that where a defendant would be subject to deportation in light of a prior felony conviction, the defendant cannot make the showing of prejudice arising from the failure to advise of deportation consequences at a subsequent plea. See also Pena v. State, 837 So.2d 495 (Fla. 1st DCA 2003); State v. Oakley, 715 So.2d 956 (Fla. 4th DCA 1998). See also Bellevue v. State, 794 So.2d 730 (Fla. 3d DCA 2001).
Payne asserts that he was interviewed in the fall of 2002 by a federal immigration agent who informed him that he would be deported based on the sexual-battery case, and that he was later served with papers from the Immigration and Naturalization Service [“INS”] listing both case numbers. Payne has also filed a motion to supplement the record with the INS documents he received. The INS notice lists both cases and the grounds of deportation for both cases.
As to Payne’s claim that his plea to violating probation was involuntary due to counsel’s mistaken belief that he was only pleading to the new law violation, not the probation violation, the trial court found that it is clear that Payne’s probation would have been revoked anyway and there is no reasonable probability that the outcome of the proceeding could have been different.
AFFIRMED.
SAWAYA, C.J., GRIFFIN and PLEUS, JJ., concur.