TORPY, J.
Appellant challenges the summary denial of his motion for post-conviction relief wherein he asserts that his plea was involuntary because he was not informed that deportation was a possible consequence of his plea. The trial court denied the motion without prejudice. We reverse and remand for an evidentiary hearing.
*285 In Case No. 99-7826, Appellant pled nolo contendere to possession of counterfeit credit cards and scheme to defraud. He was adjudicated guilty and placed on consecutive five year terms of probation. Subsequently, Appellant was charged with a new offense in Case No. 01-6009. Based thereon, he was also charged with violation of probation in Case No. 99-7826. Appellant was found guilty, after trial, and sentenced to consecutive five year terms in prison for violation of probation and a concurrent term of 120.15 months incarceration' followed by ten (10) years probation on the new offense.
After he was sentenced, Appellant filed a Florida Rule of Criminal Procedure 3.850 motion asserting that his plea in Case No. 99-7826 was involuntary because he was not advised of the possible deportation consequences of his plea as required by Florida Rule of Criminal Procedure 3.172(c)(8). The trial court denied, this motion because: (1) Appellant failed to allege that the Immigration and Naturalization Service (INS) actually had instituted deportation proceedings; and (2) the subsequent conviction in Case No. 01-6009 could independently support Appellants deportation. Based thereon, the trial court concluded that Appellant failed to demonstrate prejudice under Peart v. State, 756 So.2d 42 (Fla.2000). This court affirmed the denial order because the conviction for the new offense would subject the defendant to deportation. See Payne v. State, 869 So.2d 633 (Fla. 5th DCA 2004), rev. denied, 879 So.2d 623 (Fla. 2004).
After our mandate issued, an INS judge entered an order of deportation. Then, the trial court entered an order in Case No. 01-6009, setting aside Appellants conviction and granting Appellant a new trial. Based on these changed circumstances, Appellant filed a second Rule 3.850 motion asserting newly discovered evidence. In his new motion, Appellant alleged that the INS deportation order and the order vacating his conviction in Case No. 01-6009 now demonstrate prejudice because he. will be deported based on his conviction in Case No. 99-7826, unless he is permitted to withdraw his plea.
The trial court denied the motion without prejudice, concluding that the motion was not ripe because Appellant would be subsequently retried in Case No. 01-6009, and, if convicted, this conviction could serve as an independent basis for deportation. From this order this appeal was timely filed.
Florida Rule of Criminal Procedure 3.172(c)(8) provides that, when accepting a plea, a trial court must determine that the defendant understands that, if he is not a citizen of the United States, the plea could subject him to deportation. To obtain post-conviction relief based on a Rule 3.172(c)(8) violation, a defendant must establish that: (1) he did not know the plea might result in deportation; (2) he is “threatened” with deportation because of the plea; and, (3) had he known of the possible consequence, he would not have entered the plea. Peart, 756 So.2d at 47.
' Here, Appellants motion is facially sufficient. He contends that he was not properly advised of the deportation consequences of his plea in Case No. 99-7826, that he would not have entered the plea if he had been properly advised, and that he is threatened by deportation. Furthermore, he asserts newly discovered evidence based on the fact that his subsequent conviction in Case No. 01-6009 was vacated. Under these circumstances, Appellant is entitled to an evidentiary hearing on his motion because the present record *286 does not conclusively show a lack of prejudice.
REVERSED and REMANDED.
SHARP, W., and PLEUS, JJ„ concur.