954 So.2d 71 (2007)
Juan J. RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-89.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
Juan J. Rodriguez, Clermont, pro se.
*73 Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant, Juan Rodriguez, appeals the summary denial of his rule 3.850 amended motion for postconviction relief. We affirm, without comment, as to all issues except one and six, which we reverse and remand for either an evidentiary hearing or attachment of records that conclusively refute the allegations.
The State charged Rodriguez with three counts of armed sexual battery. After jury selection, Rodriguez accepted a plea offer wherein the State would drop two of the charges and amend the final count to the lesser-included offense of attempted sexual battery. In exchange, Rodriguez agreed to a ten-year prison term as a habitual felony offender with a five-year minimum mandatory sanction as a prison releasee reoffender. Rodriguez did not appeal the conviction or the sentence but did seek timely relief in a rule 3.850 motion and a subsequent amended motion.
Claims of ineffective assistance of counsel, raised in a sworn rule 3.850 motion, may be summarily denied if legally insufficient or if portions of the record that conclusively refute the factual allegations are attached. See Rose v. State, 617 So.2d 291, 296 (Fla.1993), cert. denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993). In order to demonstrate ineffective assistance of counsel, the movant must show counsel's performance was deficient beyond reasonable professional standards and there is a reasonable probability counsel's deficient performance affected the outcome of the proceeding or rendered it fundamentally unfair. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Provenzano v. State, 616 So.2d 428, 430-31 (Fla.1993). Where the movant entered a plea, the prejudice prong requires the movant to allege he would not have entered the plea but instead would have gone to trial as charged. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Cousino v. State, 770 So.2d 1258 (Fla. 4th DCA 2000).
Issue one of the amended motion alleged ineffective assistance of counsel where the attorney supposedly told Rodriguez that the State possessed DNA or hair-sample evidence that implicated Rodriguez in the crime. It appears the lab report does not contain such evidence, though it also appears clear that the facts of the crime would have been such that no similar DNA should have been found in or on the victim. While the State contends the lack of evidence should have been expected by the defense or that the eventual conviction, for attempted sexual battery, does not need evidence of a completed crime, this does not get to the heart of the allegation. If the attorney falsely informed Rodriguez of inculpatory evidence, where the attorney knew none existed, then Rodriguez's decision to accept a plea may not have been voluntary. See generally Cottle v. State, 733 So.2d 963, 967 (Fla.1999) (ineffective assistance of counsel for failing to properly convey a plea offer); Wilson v. State, 901 So.2d 885 (Fla. 4th DCA 2005) (failure to inform defendant of viable defense prior to accepting plea). An evidentiary hearing could determine whether the attorney did provide such false information and whether Rodriguez would have accepted the plea had he known the true state of the evidence.
Issue six presented another allegation of ineffective assistance of counsel, wherein Rodriguez claims his attorney failed to inform him of potential impeachment *74 evidence concerning the victim. Specifically, Rodriguez claims a detective overheard the victim and her friend talk in Spanish about getting their stories straight prior to a deposition. Supposedly, had Rodriguez known such evidence existed, he would have forgone a plea and gone to trial on three counts of armed sexual battery. The record before this Court does not conclusively refute the allegation, though the State contends Rodriguez admitted he knew of "favorable information" prior to entering his plea. This general response is not supported by the record on appeal and thus does not conclusively refute Rodriguez's direct, sworn allegation that he was not aware of this evidence prior to imposition of his sentence after plea. The allegation is otherwise legally sufficient; thus, we must remand for record attachments or an evidentiary hearing as to whether the attorney failed to inform Rodriguez of this evidence and whether a reasonable person would have forgone the plea deal based upon this knowledge.
Based on the record presented to this Court, we affirm as to issues two, three, four, five, and seven, but reverse as to issues one and six. Upon remand, the lower court shall either attach portions of the record that conclusively refute the allegations of error or hold an evidentiary hearing.
Affirmed in Part, Reversed in Part, and Remanded with Instructions.
FARMER, GROSS and MAY, JJ., concur.