973 So.2d 621 (2008)
Adekoye OJURONGRE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1537.
District Court of Appeal of Florida, Third District.
January 23, 2008.
Rehearing Denied February 25, 2008.
*622 Ronald Haber, Miami, for appellant.
Bill McCollum, Attorney General and Timothy R.M. Thomas, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ and LAGOA, JJ.
SUAREZ, J.
Adekoye Ojurongbe appeals from the trial court's order denying his Florida Rule of Criminal Procedure Rule 3.850 motion to vacate judgment alleging the trial court failed to advise him of the deportation consequence of his 1989 plea. Based on State v. Green, 944 So.2d 208 (Fla.2006), we reverse and remand for proceedings consistent with this opinion. At the same time, we caution that Mr. Ojurongbe's deportation status may still, after all is said and done, lie in the hands of the. United States Citizenship and Immigration Services.
In 1989, Mr. Ojurongbe, a citizen of Nigeria living in the United States, entered a nolo contendere plea and was found guilty of the charge of unlawful sale or purchase of cannabis. Adjudication was withheld and he received credit for two days of time served. On August 16, 1990, he was again arrested on a charge of unlawful sale or possession of cannabis. He again took a plea and was found guilty, adjudication withheld, on September 6, 1990.
It appears from the pleadings that in 1992, Mr. Ojurongbe applied for an immigrant visa and alien registration. It also appears that he failed to list these two convictions on his application for immigration. He was given lawful permanent residency status that same year.
On February 21, 2006, Mr. Ojurongbe was given notice by the United States Immigration and Naturalization Service to appear for removal proceedings. The reasons listed for removal are that he was convicted or admitted to violating a State law concerning a controlled substance, and that he fraudulently misrepresented facts on his 1992 residency application when he failed to list his 1989 and 1990 convictions.
Mr. Ojurongbe filed a motion to vacate the 1990 conviction claiming that when he entered his plea he was not advised by the court that he could be subject to deportation. The trial court granted his motion on March 8, 2007. The conviction was vacated and nolle prossed. Mr. Ojurongbe now argues that this conviction is no longer a basis for removal. Whether this is true or not is not within this Court's jurisdiction.
Mr. Ojurongbe then filed the present motion to vacate the 1989 conviction claiming, once again, that, when he accepted the plea, the trial court failed to inform him that he could be subject to deportation. The trial court denied his motion to vacate finding that the fact he failed to list the conviction on his application serves as additional grounds for deportation. Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002) (defendant may not avail himself post-conviction relief for failure of the trial court to *623 advise him/her of potential deportation consequences, if the defendant is otherwise subject to deportation pursuant to another criminal conviction).
The additional ground for removal argued by the State and relied upon by the trial court is not the 1990 conviction. The State argues, and the trial court agreed, that even if the 1989 conviction were now vacated, Mr. Ojurongbe would still be subject to deportation as the removal papers state that he is subject to deportation not only because of the 1989 conviction, but also because he failed to disclose it in his 1992 application for residency. The grounds given for removal by the United States Citizenship and Immigration Service are that he violated a law or regulation of the United States relating to a controlled substance, and that he procured his immigrant visa by fraud or by willfully misrepresenting the material fact that he was convicted in the circuit courts of Florida for such a violation in both 1989 and 1990. Specifically, the removal papers state:
On the basis of the foregoing, it is charged that you are subject to: removal from the United States pursuant to the following provision(s) of law:
Section 237(a)(1)(A) of the Immigration and Nationality Act . . . aliens who have been convicted of, or who admit committing acts which constitute the essential elements of violation of (or a conspiracy to violate) any law or regulation of a State . . . relating to a controlled substance;
4. You procured your immigrant visa by fraud or by willfully misrepresenting a material fact, to wit: You failed to reveal on your Application for Immigrant Visa and Alien Registration dated August 13, 1992, that you were, on June 7, 1989, convicted in the circuit court of Florida . . . for the offense of unlawful sale or purchase of cannabis, in violation of Florida statute . . .
5. You procured your immigrant visa by fraud or by willfully misrepresenting a material fact, to wit: You failed to reveal on your Application for Immigrant Visa and Alien Registration dated August 13, 1992, that you were, on September 6, 1990, convicted in the circuit court of Florida . . . for the offense of unlawful sale or purchase of cannabis . . .
The question presented is if the 1989 conviction is vacated, does the fact that Mr. Ojurongbe failed to list it on his application serve as a separate ground for removal?[1] If it does, then Prieto would apply and the trial court may exercise its discretion and not vacate the conviction. If it does not, then it would be an abuse of discretion for the trial court not to vacate relying on Prieto. It is not "another conviction" as referred to in Prieto. No case was cited to this Court on this specific issue. The question of whether' or not Mr. Ojurongbe's failure to list the 1989 conviction would be a separate ground for removal is not a question for the state court to decide, but appears to be a question for the immigration courts to decide. Therefore, the trial court was not correct in denying the motion to vacate based upon these facts and relying upon Prieto.[2]
Reversed and remanded.
NOTES
[1] We do not reach the second issue raised on appeal as this opinion is dispositive.
[2] The trial court's order was not based upon the defendant's failure to produce a trial transcript of the plea hearing. See State v. Green, 944 So.2d at 218 (The trial court has the discretion of denying a motion to vacate if the defendant does not have conclusive proof that he was not informed of the possibility of deportation.)