985 So.2d 1122 (2008)
Jorge PRIETO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-853.
District Court of Appeal of Florida, Third District.
May 21, 2008.
Jorge Prieto, in proper person.
Bill McCollum, Attorney General, for appellee.
Before GERSTEN, C.J., and RAMIREZ, J., and SCHWARTZ, Senior Judge.
PER CURIAM.
Affirmed. See McKenley v. State, 937 So.2d 223 (Fla. 3d DCA 2006); Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002).

ORDER TO SHOW CAUSE
Jorge Prieto ("Prieto") pled guilty and was convicted in 1994. He was subsequently sentenced to life in prison in 1996. This Court thereafter affirmed the denial of Prieto's pro se motion for postconviction relief. Prieto, 824 So.2d at 924-25 (affirming denial of motion for postconviction relief on ground that defendant cannot demonstrate prejudice because deportation notice also lists 1989 Broward County conviction).
Since then, Prieto has filed numerous pro se motions for postconviction relief in the trial court raising the same argument. All of these motions were denied and subsequently affirmed on appeal to this Court. See, e.g., Prieto v. State, 972 So.2d 193 (Fla. 3d DCA 2007); Prieto v. State, 947 So.2d 1178 (Fla. 3d DCA 2006); Prieto v. State, 910 So.2d 275 (Fla. 3d DCA 2005); Prieto v. State, 905 So.2d 141 (Fla. 3d DCA 2005); Prieto v. State, 875 So.2d 628 (Fla. 3d DCA 2004); Prieto v. State, 860 So.2d 430 (Fla. 3d DCA 2003).
We recognize that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations. See State v. Spencer, 751 So.2d 47, 49 (Fla.1999). However, successive motions which have been heard, considered, rejected, and then raised again, are an abuse of process. Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
Therefore, Prieto is hereby ordered to show good cause why he should not be prohibited from filing further pro se pleadings with this Court pertaining to case number F93-38701(A).
Affirmed, and an order to show cause issued.