988 So.2d 156 (2008)
The STATE of Florida, Appellant,
v.
Francisco DE ARMAS, Appellee.
No. 3D07-1576.
District Court of Appeal of Florida, Third District.
August 6, 2008.
*157 Bill McCollum, Attorney General, and Jill Kramer Traina, Assistant Attorney General, for appellant.
John Herrera, for appellee.
Before SHEPHERD, SUAREZ, and SALTER, JJ.
SALTER, J.
The State of Florida appeals an order setting aside a plea entered by the appellee, Francisco De Armas, in 1992 in the underlying felony case. De Armas filed a motion in January 2007 under Florida Rule of Criminal Procedure 3.850, citing State v. Green, 944 So.2d 208 (Fla.2006), alleging that he had not been properly warned of the possible immigration consequences of his plea. See Fla. R.Crim. P. 3.172(c)(8) (requiring a judge to give a defendant, who pleads guilty or nolo contendere, a warning that the plea agreement "may subject him or her to deportation"). In support of the motion, De Armas submitted his own affidavit, a court reporter's affidavit that any notes or transcript for the 1992 plea hearing had been destroyed, and later a notice of a rescheduled hearing issued by the United States Immigration Court in February 2007. The trial court granted the motion without conducting an evidentiary hearing, and the State appealed.
We reverse and remand for an evidentiary hearing on the motion, based on our analysis of Green.
De Armas successfully argued below that the two-year filing window established by Green (ending October 26, 2008) allowed him to file a motion that would otherwise have been time-barred in September, 1994.[1] The trial court accepted De Armas's legal argument that the two-year window described in Green applies to all movants during that period, irrespective of the date at which they ascertained the immigration consequences of the plea.
We read Green differently. Green actually sought to reduce the uncertainty and delay involved in the filing and determination of motions to vacate pleas grounded on "immigration consequences." Differing interpretations of the terms "threat of deportation" and "subject to deportation" by the district courts affected both the timeliness and ripeness of such motions. Green did not, however, open a new two-year *158 window for the filing of such motions by defendants with over two years of actual knowledge of the immigration consequences of the challenged plea before the filing of the motion to vacate. Nor did Green eliminate the right of the State to challenge such a motion by proving that the defendant is removable from the United States on grounds other than the plea in question. See Ojurongbe v. State, 973 So.2d 621 (Fla. 3d DCA 2008).
In this case, De Armas was notably vague as to when he became aware that his 1992 plea made him subject to adverse immigration consequences, and he did not identify the Immigration Court's grounds for seeking removal. The State was entitled to this information and to an evidentiary hearing to test De Armas's eligibility to withdraw his plea.
Another district court addressed this issue recently. In Pena v. State, 980 So.2d 542, 545 (Fla. 4th DCA 2008), the court refused to read Green "so liberally as to require a court to consider, on the merits, any and every motion so long as it is filed within two years of Green." Instead, the new two-year window was held to apply "to litigants who had not yet been made aware of pending removal proceedings or who had not yet made any attempt to have their pleas withdrawn." Id. at 546. On remand, De Armas will need to allege and prove that he is just such a litigant. His motion to vacate plea and affidavit did not establish eligibility for relief under Green. See State v. Freijo, 987 So.2d 190 (Fla. 3d DCA 2008).
The State also argues that it should be allowed to prove that the doctrine of laches bars De Armas's claim. The doctrine is a recognized defense in a post-conviction matter where, as here, reconstructing the 1992 plea colloquy or trying a fifteen year-old felony charge are each impracticable. If it asserts this defense, however, the State will have to prove unreasonable delay by De Armas in filing his motion to vacate the plea. The evidentiary hearing on remand will permit the State the opportunity to prove the elements of laches and any other available defense.
Reversed and remanded for an evidentiary hearing on De Armas's motion.
NOTES
[1] Although it does not affect the analysis or result here, De Armas's right to file such a motion was revived (but not asserted) during an earlier two-year window 2000-2002 under Peart v. State, 756 So.2d 42 (Fla.2000).