PER CURIAM.
Jorge Prieto (“Prieto”) pleaded guilty and was convicted in 1994. The trial court subsequently sentenced him to life in prison in 1996. This Court, thereafter, affirmed the denial of Prieto’s pro se motion for postconviction relief. Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002) (affirming denial of motion for posteonviction relief on ground that defendant cannot demonstrate prejudice because deportation notice also lists 1989 Broward County conviction).
Since then, Prieto has filed numerous pro se motions for postconviction relief in the trial court raising the same argument. All of these motions were denied and subsequently affirmed on appeal to this Court. See, e.g., Prieto v. State, 972 So.2d 193 (Fla. 3d DCA 2008); Prieto v. State, 947 *589 So.2d 1178 (Fla. 3d DCA 2006); Prieto v. State, 910 So.2d 275 (Fla. 3d DCA 2005); Prieto v. State, 905 So.2d 141 (Fla. 3d DCA 2005); Prieto v. State, 875 So.2d 628 (Fla. 3d DCA 2004); Prieto v. State, 860 So.2d 430 (Fla. 3d DCA 2003).
In response to the instant petition, we ordered Prieto to show cause why he should not be prohibited from filing successive pro se motions in this Court. See State v. Spencer, 751 So.2d 47 (Fla.1999) (holding a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). After carefully considering Prie-to’s response to this Court’s show cause order, we conclude that good cause has not been shown.
Accordingly, Prieto is now prohibited from filing any further pro se appeals, pleadings, motions, or petitions both here and in the lower court relating to his convictions and sentences in case number F93-38701(A). We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to lower court case number F93-38701(A) unless an attorney, who is a duly licensed member of the Florida Bar in good standing, has reviewed and signed them.