997 So.2d 1179 (2008)
Roberto Funmero BLANCO, a/k/a Roberto Fumero Blanco, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-991.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Leonardo Viota Sesin, for appellant.
Bill McCollum, Attorney General, and Lunar Claire Alvey, Assistant Attorney General, for appellee.
Before WELLS and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
WELLS, J.
This is an appeal of an order summarily denying as facially insufficient a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The motion sought relief on a claim of failure to warn of deportation consequences of a guilty plea under Florida Rule of Criminal Procedure 3.172(c)(8). Concluding that the defendant's postconviction motion is both timely and facially sufficient under State v. Green, 944 So.2d 208 (Fla.2006), we reverse the order on review and remand for further proceedings.
On May 15, 1988, the defendant was afforded the status of a legal permanent resident of the United States. On March 6, 1998, the defendant entered a plea to felony drug possession charges, receiving a suspended sentence. Some time thereafter, the defendant left the United States for a period of time. On June 22, 2007, the defendant returned to this country and applied for admission as a legal permanent resident, whereupon that same day the Immigration and Naturalization Service served him with a Notice to Appear, notifying him that he was subject to deportation based on his March 6, 1998 drug possession conviction.
*1180 Based on the foregoing, on February 1, 2008, the defendant filed a sworn Rule 3.850 postconviction motion, alleging that: (1) the trial court did not advise him of the deportation consequences at the time of the plea; (2) he would not have accepted the plea if properly advised; and (3) that he is prejudiced because this plea renders him subject to deportation. The defendant further alleged that he had been unable to obtain transcripts of the plea colloquy and attached a letter from the clerk of the circuit court stating that no transcripts were contained in the court file.
The State claims that this motion is deficient because the defendant relied on Peart v. State, 756 So.2d 42 (Fla.2000), in support of his motion rather than on the later decided State v. Green, 944 So.2d 208 (Fla.2006). In this case, the distinction is of no import because the motion was timely under both decisions. Specifically, the defendant first learned of the deportation consequences of his plea on June 22, 2007, and he filed this motion within two years of that date on February 1, 2008. This was both timely under the prior Peart standard and, more importantly, within the two year grace period accorded by Green. Green, 944 So.2d at 219 (giving defendants whose cases are already final two years from the date of the opinion (October 26, 2006 to October 26, 2008) to file a Rule 3.850 motion claiming the failure to warn of deportation consequences of a guilty plea).
Since the State does not claim that the defendant's motion was otherwise legally insufficient, we reverse the order on appeal and remand for further proceedings. See Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008) (finding that unless the State can conclusively demonstrate by record attachments that the defendant is not entitled to relief on a claim of failure to warn of deportation consequences of a guilty plea, an evidentiary hearing is required to address "factual disputes surrounding whether the movant was properly advised" and to hear "evidence regarding whether the plea in this case alone subjects the movant to deportation"); see also State v. De Armas, 988 So.2d 156, 158 (Fla. 3d DCA 2008) (finding that where the defendant files a facially sufficient postconviction motion alleging that he was not warned of the deportation consequences of his plea, an evidentiary hearing is appropriate to test the defendant's eligibility to withdraw his plea).
Reversed and remanded.