PER CURIAM.
 

 Joseph Carter (“Carter”) was convicted of burglary and sexual battery. The trial court subsequently sentenced him to 15 years and 137 years, respectively. Carter appealed, and this Court affirmed the convictions and sentences.
 
 Carter v. State,
 
 410 So.2d 552 (Fla. 3d DCA 1982).
 

 Since then, Carter has filed numerous pro se motions in the trial court. The trial court denied all of these motions, and this Court subsequently affirmed most of them on appeal.
 
 See, e.g., Carter v. State,
 
 3D08-317, 2008 WL 2081229 (Fla. 3d DCA April 11, 2008);
 
 Carter v. State,
 
 952 So.2d 1199 (Fla. 3d DCA 2007);
 
 Carter v. State,
 
 932 So.2d 1113 (Fla. 3d DCA 2006);
 
 Carter v. State,
 
 937 So.2d 167 (Fla. 3d DCA 2006);
 
 Carter v. State,
 
 866 So.2d 772 (Fla. 3d DCA 2004) (aff'd in part and rev’d in part);
 
 Carter v. State,
 
 857 So.2d 886 (Fla. 3d DCA 2003);
 
 Carter v. State,
 
 856 So.2d 1005 (Fla. 3d DCA 2003).
 

 Most recently, Carter filed a petition for writ of habeas corpus. The State responded to Carter’s petition, requesting sanctions against him pursuant to
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999). The tri
 
 *254
 
 al court issued an order to show cause. Carter filed a supplemental habeas petition more than thirty days after the show cause order. The trial court entered an order granting the State’s motion to impose sanctions. Carter appealed.
 

 In response to the instant petition, we ordered Carter to show cause why he should not be prohibited from filing successive pro se motions in this Court.
 
 See State v. Spencer,
 
 751 So.2d 47 (FIa.1999) (holding a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). After carefully considering Carter’s response to this Court’s show cause order, we conclude that good cause has not been shown.
 

 Accordingly, Carter is now prohibited from filing any further pro se appeals, pleadings, motions, or petitions both here and in the lower court relating to his convictions and sentences in case number F79-5B76. We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to lower court case number F79-5376 unless an attorney, who is a duly licensed member of the Florida Bar in good standing, has reviewed and signed them.