SALTER, J.
 

 Franklin Valdez appeals a trial court order denying his 2008 motion to vacate a 1993 plea under Florida Rule of Criminal Procedure 3.850. During the original plea colloquy, the trial court did not provide the “subject to deportation” warning required by Florida Rule of Criminal Procedure 3.172(c)(8). In denying the motion to vacate plea in 2008, the trial court reasoned that the motion was time-barred
 
 [1]
 
 because Valdez had received the requisite warning in a 1996 plea colloquy. That colloquy, however, occurred in connection with a violation of probation hearing — a separate plea (though the probation in question was part of the sentence entered following the 1993 plea), and one which apparently has not resulted in any notice for deportation.
 

 We reverse and remand for an evi-dentiary hearing. The existing record does not demonstrate that the United States Department of Homeland Security (“DHS”) notice of removability served on Valdez in 2006
 
 [2]
 
 is based on any matter other than the original 1993 plea and conviction. It is that DHS notice — -and not the warning provided as part of the 1996 violation of probation plea colloquy — that was the basis for Valdez’s motion to vacate plea. And it was the 1993 plea, not the 1996 plea, which subjected Valdez to deportation.
 

 Under Florida law, Valdez’s violation of probation was “not itself an independent offense punishable at law in Florida.”
 
 Lambert v. State,
 
 545 So.2d 838, 841 (Fla. 1989). Unless the State establishes otherwise on remand, it does not appear that Valdez’s entry of a plea in 1996 regarding the probation violation provides any inde
 
 *1169
 
 pendent basis for deportation by DHS.
 
 [3]
 
 It follows that a Rule 3.172(c)(8) warning regarding the possible immigration consequences of
 
 that
 
 plea would not cure the defective 1993 plea at issue here.
 

 Reversed and remanded for further proceedings in accordance with this opinion.
 

 [1]
 

 . Rule 3.850(b) generally requires such motions to be filed within two years from the date the judgment and sentence become final. "A defendant filing outside the two-year limitation period must allege and prove that he or she could not have ascertained the immigration consequences of the plea with the exercise of due diligence within the two-year period.”
 
 State v. Green,
 
 944 So.2d 208, 219 (Fla. 2006). A special two-year window (October 26, 2006 through October 26, 2008) was established in
 
 Green
 
 for claims that were not already "unquestionably time-barred” (because the claimants had received actual notice of the deportation consequences of their pleas).
 
 State v. Freijo,
 
 987 So.2d 190, 195 (Fla. 3d DCA 2008).
 

 [2]
 

 . Valdez's 2008 motion to vacate plea was timely (on the face of the motion) under
 
 Green.
 

 [3]
 

 .
 
 See, e.g., State v. De Armas,
 
 988 So.2d 156 (Fla. 3d DCA 2008). On remand, the State may also attempt to determine whether Valdez received any notice of removability from DHS before the November 2006 notice described in the motion.