PER CURIAM.
 

 Rajkumar Sabnani appeals the denial of his motion to vacate a plea under Florida Rule of Criminal Procedure 3.850. Sabna-ni alleged that he had not been warned regarding the immigration consequences of his plea in December 2000, when he was sentenced to probation, and he relied upon the two-year window of
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006), to establish that his motion was timely.
 

 The trial court denied the motion because, although no transcript from the 2000 plea colloquy could be located, the State filed a transcript in which the defendant was expressly warned of immigration consequences as he entered a plea at a violation of probation hearing a year later. The trial court could not have foreseen that some three weeks after she ruled in this case, we would reverse a similar order on similar facts. In doing so, we held that the Florida Rule of Criminal Procedure 3.172(c)(8) deportation warning at a later probation violation hearing does not pertain to an independent basis for deportation by the U.S. Department of Homeland Security and therefore does not cure the allegedly defective plea to the original criminal charge.
 
 Valdez v. State,
 
 1 So.3d 1167 (Fla. 3d DCA2009).
 

 We therefore reverse the order of denial in this case and remand the motion to the trial court with instructions. On remand, the trial court should dismiss Sabnani’s original motion with leave to amend. If
 
 *809
 
 Sabnani wishes to proceed, his motion must comply with the pleading requirements described in
 
 Green
 
 and our decision in
 
 State v. Freijo,
 
 987 So.2d 190 (Fla. 3d DCA 2008). Specifically, Sabnani must also allege under oath and be prepared to prove that: (1) U.S. immigration authorities did not notify him of any deportation consequences or proceedings based on the 2000 conviction on or before September 10, 2006; and, (2) the conviction in Case No. F00-37145 is the only matter that subjects him to deportation (so as to establish the requisite prejudice).
 
 See Freijo,
 
 987 So.2d at 194;
 
 Prieto v. State,
 
 824 So.2d 924 (Fla. 3d DCA 2002).
 

 If such an amended motion is filed, the trial court should set the matter for an evidentiary hearing and rule on the record presented.
 

 Reversed and remanded for further proceedings consistent with this opinion.