PER CURIAM.
 

 We reverse the trial court’s order granting the defendant’s motion to vacate his plea as the conviction in this case was not the sole ground for deportation. The documents in this case show that defendant
 
 *992
 
 was being deported not solely because of the conviction in this case, but also because he illegally entered the country, a fact which was admitted to by the defendant during his deportation proceedings. Thus, defendant has not shown that he is subject to removal solely because of the plea in this case.
 
 Forrest v. State,
 
 988 So.2d 38 (Fla. 4th DCA 2008). Accordingly, defendant was not prejudiced by the trial court’s failure to advise him of deportation consequences before accepting the plea in this case.
 
 Rosas v. State,
 
 991 So.2d 1003 (Fla. 4th DCA 2008);
 
 see State v. Green,
 
 944 So.2d 208 (Fla.2006).
 

 Defendant’s claim that, but for the conviction in this case, he might be entitled to an adjustment in his immigration status is too speculative to merit relief. A state court is not a proper forum to litigate whether appellant would have received an adjustment in his immigration status. This determination is within the exclusive discretion of federal officials. 8 U.S.C. § 1255 (2000).
 
 Rosas,
 
 991 So.2d at 1003-04.
 

 Reversed and remanded.