On Motion for Rehearing
 

 SCHWARTZ, Senior Judge.
 

 Ruiz’s motion for rehearing of the per curiam affirmance of the denial of his
 
 Peart
 
 3.850 motion is itself denied because (1) he did not carry his burden of establishing that the arguably invalid conviction challenged in this proceeding was the sole cause of his potential deportation, see
 
 Prieto v. State,
 
 824 So.2d 924 (Fla. 3d DCA 2002), review denied, 842 So.2d 845 (Fla.2003);
 
 Buton v. State,
 
 995 So.2d 1130 (Fla. 4th DCA 2008), and (2) the contention that other convictions which would also have had that effect might be excused by the immigration authorities is not cognizable under what we believe to be the now-controlling authority in this district,
 
 State v. Tabuteau,
 
 16 So.3d 991 (Fla. 3d DCA 2009), in which the court recently held that
 

 [ defendant’s claim that, but for the conviction in this case, he might be entitled to an adjustment in his immigration status is too speculative to merit relief. A state court is not a proper forum to litigate whether appellant would have received an adjustment in his immigration status. This determination is within the exclusive discretion of federal offi
 
 *661
 
 cials. 8 U.S.C. § 1255 (2000).
 
 Rosas [v. State,
 
 991 So.2d 1003, 1003-04 (Fla. 4th DCA 2008) ].
 

 But cf.
 
 Dumenigo v. State,
 
 988 So.2d 1201 (Fla. 3d DCA 2008);
 
 Ojurongbe v. State,
 
 973 So.2d 621 (Fla. 3d DCA 2008).
 

 Rehearing denied.