PER CURIAM.
 

 The defendant appeals the summary denial of his motion to vacate his plea, based on allegations that he was not advised of the deportation consequences of the plea. In
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006), the Florida Supreme Court reiterated requirements that a defendant: (1) allege and prove that he or she would not have entered the plea if informed of the possibility of deportation, and (2) state in the Rule 8.850 motion how he or she will prove that the immigration warning was not given. The defendant failed to comply with both of these requirements. In addition, the defendant failed to allege that he was not otherwise subject to deportation.
 
 See Sabnani v. State,
 
 5 So.3d 808, 809 (Fla. 3d DCA 2009).
 

 However, as to all three defects, remand is necessary for the trial court to provide the defendant with at least one opportunity to amend his motion to correct these defects if, in good faith, he can do so.
 
 See Buton v. State,
 
 995 So.2d 1130, 1132 (Fla. 4th DCA 2008). To then deny the motion, the trial court must decide that the motion is legally insufficient, that the claims are conclusively refuted by the record and attach to the order portions of the record demonstrating this, or hold an evidentiary hearing on the motion.
 
 See Rodriguez v.
 
 
 *915
 

 State,
 
 954 So.2d 71, 73 (Fla. 4th DCA 2007).
 

 Reversed and Remanded.
 

 FARMER, TAYLOR and GERBER, JJ., concur.