PER CURIAM.
 

 ON MOTIONS FOR REHEARING AND CONSOLIDATION
 

 Upon consideration of the appellant’s
 
 *1183
 
 motions for rehearing
 
 [1]
 
 and for consolidation of the same appellant’s Case No. 8D09-837 with
 
 Macias v. State,
 
 Case No. 3D09-656, we withdraw the per curiam affirmance filed June 10, 2009 in the higher-numbered case and substitute the opinion which follows. For the reasons detailed below, we also grant the motion for consolidation and remand both cases to the circuit court for further proceedings.
 

 The issue involved in both cases
 
 [2]
 
 is whether the trial court erred in denying motions to vacate pleas of no contest under
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006). The motions in each of the circuit court cases alleged that the defendant was not given an immigration warning as required by applicable law, and that he is now subject to removal from the United States by immigration authorities as a result of his pleas in those cases. Each motion was filed within the two-year window prescribed in
 
 Green.
 

 In an inadvertent judicial variation of “Catch 22,” each motion was denied by the trial court because of the decisional law precluding relief if the challenged plea is not the only basis for removal of the defendant under the immigration laws. Although motions to vacate plea were filed and pending in both cases, the first court determined that the existence of the plea in the second case would subject the defendant to removal even if relief were to be granted in the first case, and vice versa. Under
 
 Green,
 
 however, the defendant may prevail if he demonstrates an entitlement to relief from plea in
 
 both
 
 cases.
 

 In fairness to the trial courts and this Court, the defendant’s motions are responsible for the confusion. Neither identified the other case or included (under oath) an allegation that the defendant was
 
 also
 
 entitled to vacate his plea in the other felony case. Neither motion contains the allegation that the defendant “could not have ascertained the immigration consequences of the plea with the exercise of due diligence within the two-year period [following entry of the plea].”
 
 Green,
 
 944 So.2d at 219. Nor has the defendant stated how he intends to prove that the immigration warning was not given (as, for example, by referring to a transcript or other evidence).
 
 Id.
 
 at 218.
 

 For these reasons, we reverse each of the circuit court orders (on procedural grounds only) and remand the cases to the circuit court with the following directions:
 

 1. The defendant is to be given leave to file and serve an amended motion in each case to conform to the pleading requirements in
 
 Green;
 

 2. If a transcript of the plea colloquy is available in either case, it should be attached to the applicable amended motion or the State’s response to that motion; and
 

 3. The amended motions should be consolidated, heard, and ruled upon by a single judge.
 

 Reversed and remanded for further proceedings in each case.
 

 [1]
 

 . The motion for rehearing was filed in our Case No. 09-837.
 

 [2]
 

 . Our case number 3D09-837 is an appeal from an order denying a motion to set aside defendant's plea in circuit court case number F91-15408. Our case number 3D09-656 is an appeal from a similar order entered in circuit court case F94-5115B. Case No. 3D09-656 had not been decided at the time the appellant moved to consolidate the case with 3D09-837.