CRENSHAW, Judge.
 

 Juan Gonzalez appeals the summary denial of his second amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
 

 Gonzalez, who is a Mexican citizen, pleaded guilty to burglary and grand theft in 1995 and to burglary in 1996, and was sentenced to probation in both cases. In his initial motion, Gonzalez alleged that his pleas were involuntary because he was not advised of the deportation consequences of pleading to the charges.
 
 [1]
 
 The postconviction court dismissed the motion with leave to amend, finding the motion facially insufficient for failure to allege that Gonzalez was subject to deportation based solely on the pleas entered in the subject cases. Gonzalez timely filed an amended motion, and the postconviction court dismissed the amended motion, again with leave to amend, finding that Gonzalez failed to allege how he would prove that the trial court did not warn him of the potential deportation consequences. After review of the timely filed second amended motion, the postconviction court found that because no transcripts exist for the 1995 and 1996 plea hearings, and because Gonzalez’s testimony alone would not be “conclusive evidence of a violation,” as required by
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006), Gonzalez is not entitled to relief.
 

 The language of rule 3.850 supports the conclusion that an evidentiary hearing is appropriate when there is no record to refute a legally sufficient postconviction claim.
 
 See
 
 Fla. R.Crim. P. 3.850(d) (“If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order.”);
 
 see also Smith v. State,
 
 25 So.3d 1259, 1260 (Fla. 2d DCA 2010) (concluding that an evidentiary hearing is warranted in a rule 3.850 motion where no transcript exists). As here, where a defendant files a facially sufficient motion alleging the trial court’s failure to warn of the deportation consequences to a plea, an evidentiary hearing is appropriate to test the defendant’s eligibility to withdraw the plea.
 
 Blanco v. State,
 
 997 So.2d 1179, 1180 (Fla. 3d DCA 2008) (citing
 
 State v. De Armas,
 
 988 So.2d 156, 158 (Fla. 3d DCA 2008)).
 

 Accordingly, we reverse the postconviction court’s order and remand for further proceedings.
 

 WHATLEY and DAVIS, JJ., Concur.
 

 [1]
 

 . Gonzalez’s initial motion was filed August 25, 2008, and is timely, pursuant to
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006).