35 So.3d 978 (2010)
Ricardo ALFONSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D09-1102.
District Court of Appeal of Florida, Third District.
May 12, 2010.
*979 Ricardo Alfonso, in proper person.
Bill McCollum, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.
Before COPE and GERSTEN, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Ricardo Alfonso ("the defendant") appeals the written denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We reverse.
The defendant moved for post-conviction relief based on the trial court's failure to warn him of the deportation consequences of his plea. See Fla. R.Crim. P. 3.172(c)(8). The trial court denied the defendant's motion without prejudice as legally insufficient, but stated that the defendant had the right to appeal the ruling within thirty days.
Because the defendant failed to allege that he was subject to deportation based only on the conviction here, the trial court correctly determined that the defendant's motion was legally insufficient. See Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002). In accordance with Spera v. State, 971 So.2d 754 (Fla.2007), the trial court should have given the defendant an opportunity to amend his motion. This may have been the trial court's intent when it denied the motion without prejudice. However, because of the contradictory language referring to the defendant's right to appeal, the order is ambiguous and confusing. Therefore, the defendant may not have understood that he had a right to amend his motion.
Accordingly, we reverse and remand for the defendant to be given an opportunity to amend his motion. If the defendant amends his motion, the amended motion shall relate back to his original motion to satisfy the time requirements of State v. Green, 944 So.2d 208 (Fla.2006).
Reversed and remanded with directions.
COPE, J. (concurring).
As stated in the majority opinion, we have decisions which say that a defendant must allege that he is subject to deportation based only on the conviction he or she is challenging. Sabnani v. State, 5 So.3d 808, 809 (Fla. 3d DCA 2009); Dumenigo v. State, 988 So.2d 1201, 1202 (Fla. 3d DCA 2008). It should also be pointed out, however, that we clarified this rule in Macias v. State, 29 So.3d 1182 (Fla. 3d DCA 2010).
By way of background, in Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002), this court held that a defendant cannot obtain relief from a plea on account of a lack of deportation warnings unless the defendant shows that he was prejudiced by the absence of those warnings. In Prieto, the defendant had been sentenced in 1994 *980 pursuant to a plea agreement in a homicide case. There had been no warning of the immigration consequences. The defendant also had a 1989 felony conviction for grand theft. The Immigration and Naturalization Service commenced deportation proceedings based on both prior cases. The 1989 conviction was apparently a conviction after trial, not pursuant to a plea, but in any event, the defendant did not challenge the 1989 conviction. This court held that on those facts, the defendant could not show prejudice based on the 1994 plea. That was so because even if the 1994 plea were set aside, the defendant would remain subject to deportation pursuant to the 1989 conviction.
Subsequent to that case, this court said (as already stated) that a defendant must show that the plea he is seeking to set aside "is the only matter that subjects him to deportation (so as to establish the requisite prejudice)." Sabnani, 5 So.3d at 808.[*]
We clarified this rule in the Macias case. There the defendant had two prior convictions, both resulting from plea agreements, one entered in 1991 and the other entered in 1994. The defendant moved to vacate both pleas, alleging that there had been no immigration warning in either of the prior cases. The postconviction motion filed in the 1991 case was denied because of the existence of the 1994 case. The postconviction motion in the 1994 case was denied because of the existence of the 1991 case. This court reversed for further proceedings. Macias, 29 So.3d 1182. As a matter of pleading, prejudice was sufficiently shown because there were two prior pleas, both of which were being attacked for lack of deportation warnings.
The postconviction record before us is scanty, so the details of the defendant's conviction record are not clear. The State acknowledges that the defendant must be given an opportunity to re-plead.
NOTES
[*] The State argues that this particular pleading requirement is found in State v. Green, 944 So.2d 208, 219 (Fla.2006). The State is in error. The Green case only states that the defendant must allege (so far as pertinent here) "that under current law the plea does render the defendant subject to being removed from the country at some point in the future." Id.