PER CURIAM.
Alfonso Jenkins petitions this Court for a writ of habeas corpus. This Court ordered Jenkins to show cause why he should not be prohibited from filing successive pro se motions in this Court. See Carter v. State, 1 So.3d 253 (Fla. 3d DCA 2008) (holding a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond).
After considering Jenkins’ response to this Court’s show cause order, we conclude that good cause has not been shown. Jenkins pled guilty to the charges of sexual battery, robbery, and burglary with an assault with a dangerous weapon for which he was convicted. He received a sentence of life in prison. Since his conviction, Jenkins has filed numerous and successive motions for post-conviction relief in the trial court, challenging his conviction and sentence. The trial court denied all the motions, and this Court has either affirmed or dismissed the appeals on at least eleven occasions: Jenkins v. State, 3D90-650; Jenkins v. State, 3D90-1633; Jenkins v. State, 3D91-1610; Jenkins v. State, *280 3D94-634; Jenkins v. State, 3D94-2149; Jenkins v. State, 656 So.2d 160 (1995) 3D95-1414; Jenkins v. Singletary, 683 So.2d 497 (1996) 3D96-2390; Jenkins v. Singletary, 683 So.2d 497 (Fla. 3d DCA 1996); Jenkins v. State, 718 So.2d 190 (1998) 3D98-75; Jenkins v. State, 48 So.3d 61 (Fla. 3d DCA 2010); Jenkins v. State, 51 So.3d 469 (Fla. 3d DCA 2010).
Accordingly, Jenkins is now prohibited from filing any further pro se appeals, pleadings, motions, or petitions both here and in the trial court relating to his convictions and sentences in lower court case numbers 81-21695, 81-21693, 81-18468, and 81-21694. See Prieto v. State, 990 So.2d 588 (Fla. 3d DCA 2008). We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to lower court case numbers 81-21695, 81-21693, 81-18468, and 81-21694 unless an attorney, who is a duly licensed member of the Florida Bar in good standing, has reviewed and signed them.