826 So.2d 1004 (2001)
Manuel KINDELAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1927.
District Court of Appeal of Florida, Third District.
January 17, 2001.
*1005 Albert W. Guffanti, Miami, and James H. Woodard, Coconut Grove, for appellant.
Robert A. Butterworth, Attorney General and Fredericka Sands, Assistant Attorney General, for appellee.
Before LEVY, GODERICH, and RAMIREZ, JJ.
PER CURIAM.
Manuel Kindelan appeals an order which denies his petition for writ of error coram nobis/rule 3.850 motion to vacate a plea of no contest to certain criminal charges. His motion alleged a violation of Florida Rule of Criminal Procedure 3.172 by the trial court which took his plea. Because we have not been provided with a transcript of the plea colloquy, we relinquish jurisdiction to the trial court with directions that the parties and the court engage in the procedure outlined in rule 9.200(b)(4), Florida Rules of Appellate Procedure in order to reconstruct the record if possible.
Kindelan pled no contest to several drug-related charges thirteen years ago. In his motion, Kindelan, a citizen of Cuba, contended that he should be permitted to withdraw his 1987 plea, pursuant to Peart v. State, 756 So.2d 42 (Fla.2000), because he was not advised at the time he entered the plea by either the trial court or his attorney that a criminal conviction would have consequences on his future immigration status. See Fla.R.Crim.P. 3.172(c)(8). Kindelan's motion was filed after the Immigration and Naturalization Service [INS] denied his request for permanent residency status in this country because of his convictions.[1]
Even though the transcript of the 1987 plea colloquy was not available for review, the trial court denied Kindelan's motion because it decided that only the institution of imminent deportation proceedings by INS against a person qualified as "prejudice" requiring vacation of a plea under Peart. See 756 So.2d at 48. The court reasoned that since Kindelan had not yet been threatened with actual deportation proceedings, there was no basis for vacation of his plea regardless of whether or not he had been informed of the immigration consequences of the plea.
In this appeal, the State has not argued that Kindelan has failed to show the requisite prejudice in the INS action of finding him excludable. See Peart, 756 So.2d at 47 ("In order to show prejudice pursuant to a rule 3.172(c)(8) violation, defendants had to *1006 establish that they did not know that the plea might result in deportation, that they were `threatened' with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea."). Instead, the State complains that the issue is not properly before us at this time because the record is incomplete due to the absence of a transcript of the relevant plea colloquy. Because the parties have not yet attempted to reconstruct the record, we relinquish jurisdiction so that the parties and the court may engage in the rule 9.200(b)(4) procedure. Once the requisite attempts to reconstruct are complete, the trial court may reconsider Kindelan's motion on the merits before returning the case to this Court. The appellant shall notify this Court of the status of the case before the trial court within thirty days of this opinion.
NOTES
[1] It is undisputed that a resident alien who is not given permanent resident status is "excludable" from this country by the INS.