SCHWARTZ, Senior Judge.
 

 The defendant’s Rule 3.850 motion to withdraw his plea on the ground that its deportation consequences had not been adequately explained was denied after an evidentiary hearing, on the ground, citing
 
 Kindelan v. State,
 
 826 So.2d 1004 (Fla. 3d DCA 2001), that as a legal permanent resident he was not subject to deportation and thus was unqualified for relief under
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006). While understandable in view of the confusing statement in
 
 Kindelan,
 
 826 So.2d at 1005, n. 1, that “[i]t is undisputed that a resident alien who is not given permanent resident status is ‘excludable’ from this country by the INS,” this conclusion is incorrect. See
 
 United States v. Bugarin,
 
 312 Fed.Appx. 147, 149 (10th Cir.2009) (“Because Bugarin is a permanent resident alien, he will be subject to deportation upon his release from prison and may be ineligible for benefits such as early release, certain prison programs, or assignment to a minimum-security prison during his incarceration.”); see also
 
 Immigration & Naturalization Serv. v. St. Cyr,
 
 533 U.S. 289, 293, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (St. Cyr, a lawful permanent resident (LPR) pled guilty to an aggravated felony, thus making him subject to deportation.);
 
 Discipio v. Ashcroft,
 
 417 F.3d 448, 449 (5th Cir.2005) (“Petitioner Ferdinando Discipio, a permanent resident of the United States, became subject to deportation under the Immigration and Nationality Act after a Massachusetts court convicted him of possession with intent to distribute Perco-cet.”).
 

 Because the court therefore erroneously did not reach the merits of the defendant’s showing under
 
 Green,
 
 we reverse the order below for such a determination.
 
 [1]
 

 Reversed and remanded.
 

 [1]
 

 . The lower court may, in its discretion, receive further testimony on the issue.